# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

## Snow and others *v.* Texas Trunk Railroad.[*]

*(Circuit Court, N. D. Texas.* December, 1882.)

REMOVAL OF CAUSES.

> In a suit pending in a state court of Texas between parties who were all citizens of that state, certain citizens of other states holding liens which entitled them, under the laws of Texas, to intervene, applied for leave to intervene and litigate their rights, which was refused by the state court. The next day, without leave, they filed their petition asserting their claims, and contesting the lien and alleged priority of the plaintiffs in the suit, and then removed the suit to this court. On a motion to remand, *held,* that an order of the state court was not necessary in order to make them parties to the suit, and it was properly removed.

On Motion to Remand to the State Court.

*Saronie, Robertson & Adams,* for the motion.

*White & Plowman, contra.*

PARDEE, J. The motion to remand this case to the state court from which it was removed here is based on these grounds: (1) That the persons who filed the petition and bond for removal were not parties to the suit, because they were not necessary parties, and were not made parties, and their petition to intervene had been rejected and denied by the court; (2) that the application to remove was not made before or at the term at which the cause could be first tried;

[*]Reported by Joseph P. Hornor, Esq,, of the New Orleans bar.

(3) that in the suit there is no controversy which is wholly between citizens of different states, and which can be fully determined as between them.

The record shows that Stepath *et al.*, by petition filed in the court showing that they were lienholders against the defendant railroad company, applied to the court for leave to intervene and litigate their alleged rights, and were refused by the court, and that thereafter, on the next day, without leave, they filed their petition asserting their claims against the defendant company, and contesting the lien and alleged priority of the plaintiffs in the suit.

The question is whether an order of court was necessary before they could be parties to the suit. We are referred to no provision of the Texas Code which makes it necessary for the court to grant leave before a party can intervene in a suit. We take it there is no such provision. We are referred to 28 Tex. 501, (*Smith* v. *Allen*,) where it is said that "it is believed that the practice has been to intervene on leave of the court;" and referring to *Eccles* v. *Hill*, 13 Tex. 65–68. The court also said: "In a proper case the right of intervention, if denied in the court below, will be secured and enforced in this court." These rulings are undoubtedly with reference to the general practice in matters of intervention. But we understand that this case stands upon a clear statutory right to intervene, without any leave of court first had and obtained. The statute of the state which gives the plaintiffs the lien they are seeking to enforce provides that, "in all suits of this kind,"—that is, suits to enforce the laborer's lien against railroad companies,—"it shall not be necessary for the plaintiff to make other lienholders defendants thereto, but such lienholders may intervene and become parties thereto, and have their respective rights adjusted and determined by the court." Acts 1879, c. 12, p. 8.

Under this provision it seems to us that any lienholder would have the right to intervene in such a suit as the plaintiffs instituted without any leave of court; as much so as a defendant, when cited in an ordinary suit, has to answer without leave of the court. But, however this may be, we have authority for holding that intervenors were proper parties to the litigation, and that as they had done all they could to become parties, and had been wrongfully refused the right by the state court, they were parties sufficient for the purpose of removing the case, if otherwise they had the right to remove the case. See Acts 1879, c. 12, *supra*, and two cases decided by Justice DAVIS, in Dill. Rem. Causes, 41, 42, note.

The petition and bond for removal was filed at the term at which intervenors first appeared, and before the trial of the case. It is probable that this is sufficient as to time of application; but it is not necessary to go so far in this case. The original petition was filed and service accepted at the December term of the Kaufman county district court, 1881; but no further proceedings, looking to an issue on trial, were had at that term. The next term was in June, 1882; at that time the intervenors appeared with their application for the removal of the case. Further than this, the original petition does not look to or contemplate any trial, and no relief is sought, save the appointment of a receiver to manage the affairs of an alleged insolvent railroad company, until the plaintiffs' lien can be paid from the earnings of the road or assets of the company, or until plaintiffs could obtain judgment in other suits instituted on their respective claims.

The case as made by the record shows a controversy between intervenors and the defendant's railroad company for the foreclosure of the lien claimed by intervenors, and a controversy between the intervenors and the original plaintiffs as to which party is entitled to priority of lien against the defendant company. All the intervenors are citizens of other states than Texas; all of the plaintiffs and the defendants are citizens of Texas; there is no question but that these controversies can be fully determined as between the respective parties to them. We then have a controversy between citizens of different states; a controversy between citizens of a state and citizens of other states; and a controversy which is wholly between citizens of different states, and which can be fully determined as between them.

For the purpose of removal of a cause, the matter in dispute may be ascertained, and according to the facts the parties arranged on opposite sides of that dispute. If in such an arrangement it appears that those on one side, being all citizens of different states from those on the other, desire a removal, the suit may be removed. *Removal Cases,* 100 U. S. 457.

When, in any suit mentioned in the second section of the act of March 3, 1875, there is a controversy wholly between citizens of different states, which can be fully determined as between them, then either one or more of the defendants or plaintiffs actually interested in said controversy may, on complying with the requirements of the statute, remove the entire suit. See *Barney* v. *Latham,* 103 U. S. 205.

We understand that in this case all the parties interested on one side of the controversy, and all being citizens of other states than Texas, have applied for the removal as against the parties on the other side, who are all citizens of Texas. If this is so, then this case was properly removed under the first clause of section 2 of the act of 1875. If all the parties on one side have not applied for the removal, then the case was properly removed under the second clause of the second section of said act. And we take this occasion to remark that, in our opinion, the proceedings disclosed by the record in this case eminently justify the wisdom of the removal acts of the United States. The intervenors are conceded to be large lienholders against the defendant company; they reside in distant states. Without notice to them, on comparatively small liens, the property on which their liens rest is seized by the consent of the defendants and put in the hands of a receiver to be managed indefinitely. They have no remedy to assert their rights in any other court than the one having custody of the property. That court, in defiance of specific statutory rights, refuses to hear their claims or adjust their rights. They may have had a remedy by appeal to the supreme court of the state, but it was wise policy, under the constitution and laws of the United States, to give them a choice of tribunals. "In the national courts they may hope to escape the local influence which sometimes disturbs the even flow of justice." See *Davis* v. *Gray,* 16 Wall. 203.

The motion to remand in this case is denied.

McCORMICK, J., concurs.