## REAL ESTATE LOAN CO. v. BROWN (LANE COTTON MILLS CO., Intervener.)

District Court, N. D. Georgia, Atlanta Division. December 31, 1927.

No. 478.

1. **Removal of causes** ⊙⇒38—**Where real issue was between plaintiff and defendant, on one side, and nonresident intervener, on the other, cause was removable by latter.**

Where a creditor's bill in a state court did not allege insolvency of defendant, but a receiver was prayed for and appointed by consent to take possession of property on which a nonresident had a lien, and which was in its possession, and on its appearance by intervention plaintiff and defendant united in attacking its claim, the real issue was manifestly between them and intervener, because of which defendant had the right to remove the cause; both plaintiff and the original defendant being residents and citizens of the state of suit.

2. **Removal of causes** ⊙⇒38—**Intervener forced in by seizure of its property, held a "defendant," within removal statute (28 USCA § 71).**

A nonresident intervener in a state suit is a "defendant," within the meaning of the removal statute (28 USCA § 71), where it was forced to come in by seizure of its property within the jurisdiction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Defendant.]

In Equity. Suit by the Real Estate Loan Company against Dr. Paul F. Brown, wherein the Lane Cotton Mills Company inter-

venes.  On motion to remand to state court. Denied.

Roy S. Drennan, of Atlanta, Ga., for plaintiff.

Jones, Evins, Moore & Powers, of Atlanta, Ga., for defendant.

Spence & Spence, of Atlanta, Ga., for intervener.

SIBLEY, District Judge.  [1] The proceedings which led up to this motion to remand the case to the state court are unusual and must be carefully stated.  Lane Cotton Mills Company, a corporation of Louisiana, on March 24, 1926, sold to Paul F. Brown, a citizen of Georgia, certain personalty, securing the purchase-money note for $40,000 by a retention of title and a mortgage on real estate, duly recorded.  Default occurring, suit was brought in the state court and judgment recovered for $27,500 principal, $1,833.13 interest, and $2,933.51 attorney's fees, declared to be a special lien on the property securing the debt.  Thereafter, on October 10th, 1927, Real Estate Loan Company, a corporation and citizen of Georgia, brought a bill in the superior court of Fulton county, Georgia, against Paul F. Brown as sole defendant, alleging itself to be his creditor in the sum of $5,000, without lien; that Brown had a valuable interest in the property sold him by the Lane Cotton Mills Company, and in the real estate mortgaged to it, all fully described, and that Lane Cotton Mills Company was threatening to enforce collection of its claim; that there were ample assets to pay all creditors, if properly handled, but likelihood of loss, unless the assets were administered in equity.  A receiver was prayed, a marshaling of the assets for the benefit of all creditors similarly situated, an injunction against all persons from interfering with the receiver, and a judgment on the debt of $5,000.

A receiver was appointed the same day, on the consent of Brown, and a general injunction granted as prayed.  The receiver qualified and took possession of the property, and still holds it.  On October 31, 1927, Lane Cotton Mills Company sought to intervene, setting forth its rights as above stated, and additionally that at the time of the receivership the personal property sold was held in possession for its benefit by a custodian, with right to sell privately for the payment of its debt.  Intervener disclaimed any interest in Brown's other debts, but objected to costs and expenses of a receivership coming against its securities.  The prayers were to intervene as a defendant, to have the receiver turn over to it the personalty mentioned, and to vacate the receivership as to property on which intervener had a special lien under its judgment. The intervention was allowed as prayed, and a hearing ordered on the prayers.

On November 9, 1927, Brown answered the original bill, admitting all its allegations, and further sought to attack the correctness of the judgment which Lane Cotton Mills Company had obtained against him, and to set up a counterclaim for $123,000 against Lane Cotton Mills Company, on which he prayed a judgment in his favor.  He and Real Estate Loan Company on the same day each filed, also, an answer and cross-bill to the intervention, making similar attacks on the judgment of Lane Cotton Mills Company, and seeking to set up the $123,000 counterclaim of Brown against it.  On November 18, 1927, still within the time fixed by the Georgia law for answering the original bill, Lane Cotton Mills Company, claiming that there existed a separable controversy between Real Estate Loan Company and Brown, citizens of Georgia, on the one hand, and itself, a citizen of Louisiana, on the other hand, procured a removal of the suit to this court.

The petition to remove was here amended to allege that there was a fraudulent conspiracy between Brown and Real Estate Loan Company to deprive Lane Cotton Mills Company of its right to try the controversy in the federal court, and that the form of proceedings in the state court was adopted for that purpose, there being no bona fide intention to file a creditor's bill against an insolvent debtor.  Brown moves to remand the case, Real Estate Loan Company joining him in urging the motion, on the grounds: (1) That Lane Cotton Mills Company is a plaintiff, and not a defendant; (2) because, if a defendant, it has not procured Brown to join in the removal; (3) because there is no separable controversy; (4) because of its voluntary intervention in the case, Lane Cotton Mills Company has submitted to the jurisdiction of the state court, and waived any right of removal it may have had.  No issue is tendered on the allegations of the amendment of the petition to remove, and no evidence is offered touching it, other than the face of the proceedings.

From the date of filing of the original bill to the argument of this motion to remand, Brown and Real Estate Loan Company have acted in perfect accord.  No issue either of law or fact, and no difference of policy or desire, has appeared between them.  There is no claim of Brown's insolvency, and no men-

tion in the pleadings of other creditors. Though nearly three months have elapsed since the receivership, no other creditors have appeared. The only real controversy that has come to light anywhere is that as to the correctness of the judgment obtained by Lane Cotton Mills Company against Brown and the counterclaim asserted by him against it. Brown and Real Estate Loan Company both are asserting these, and their real interests are coincident and adverse to those of Lane Cotton Mills Company. A controversy thus exists between citizens of Georgia, on the one side, and of Louisiana, on the other, clearly within the federal judicial power.

But a controversy developing in the state court can come to a federal court only according to the terms of the removal statute, and there exists another controversy, real or pretended, between the loan company and Brown as to its debt of $5,000, for which judgment is prayed, and for the payment of which the appeal was made to equity. If the case were in substance as well as in form a creditor's bill, great difficulty would be experienced in removing it, or any incidental issue arising under it, to the United States courts. Fidelity Insurance Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898. But the whole situation is convincing that the real purpose was to litigate with Lane Cotton Mills Company, or, if not that originally, as the issues for litigation have now shaped themselves, the controversy with it has become the main controversy. Except for its form as a creditor's bill, and the mode in which Lane Cotton Mills Company became a party to the record, the case is like, and should follow the ruling in, Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551, where the case was held removable as presenting a separable controversy when petitioning creditor and defendant debtor united in attacking a mortgage held by another defendant, a citizen of another state. The bill here does not charge Brown to be insolvent, and does not even allege the existence of other creditors, and none have appeared. For want of substance as a creditor's bill, its form as such should be disregarded.

[2] We come, therefore, to the question whether Lane Cotton Mills Company is a defendant, within the meaning of United States Code, title 28, § 71 (28 USCA § 71), giving to a defendant only the right to remove because of diverse citizenship. Lane Cotton Mills Company should have been made a defendant in the original bill, as it is named there as a person interested in some of the property sought to be placed in receivership. The seized personalty, it now develops, is under a recorded retention of title contract, and the realty under a mortgage in favor of Lane Cotton Mills Company. The court could not administer or sell any of it validly without making the holder of these liens a party. 34 Cyc. 333, 334. Denny v. Broadway Bank, 118 Ga. 221, 44 S. E. 982.

But to seize property was the ancient way of compelling an appearance. Attachment is now often resorted to when the owner is a nonresident, as Lane Cotton Mills Company is. When this property was seized thus by the receiver, its owner was as much forced to make an appearance touching it as if the sheriff had served it with process. It is true the appearance was in form by intervention, and not by answer; but the intervention was wholly defensive, seeking no benefit from the proceeding, and asking of the court only to be let alone. Intervener prayed to be made a party defendant, and the prayer was allowed by the court. In substance it was a defendant, and as much so in form as the circumstances permitted. Having thus got Lane Cotton Mills Company into court, both Brown and Real Estate Loan Company affirmatively assail it, as we have seen, raising thus, for the first time, the issues really to be tried. In this they are the actors, and Lane Cotton Mills Company is still defendant.

Looking at the substance of the matter, I hold Lane Cotton Mills Company to be a defendant within the meaning of the removal statute, having a separable controversy, entitling it to remove the suit to the United States court, and the motion to remand will be overruled.