217 F.2d 1
 PERPETUAL BUILDING AND LOAN ASSOCIATION, for itself and on behalf of all other shareholders and the directors of Equitable Building and Loan Association who wish to be represented as plaintiffs in this action, Appellants,
v.
SERIES DIRECTORS OF EQUITABLE BUILDING AND LOAN ASSOCIATION, SERIES NO. 52, August Kohn & Company, C. W. Haynes & Co., Inc., and the Great Southern Insurance Company and Federal National Mortgage Association, Appellees.
 No. 6881.
 United States Court of Appeals, Fourth Circuit.
 Argued October 13, 1954.
 Decided November 16, 1954.
 
 E. W. Mullins and Charles F. Cooper, Columbia, S. C. (Nelson, Mullins & Grier, Columbia, S. C., on the brief), for appellants.
 Edgar L. Morris, Columbia, S. C. (Elizabeth Eldridge, Columbia, S. C., on the brief), for appellees.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 DOBIE, Circuit Judge.
 
 
 1
 This case presents a rather complicated picture of varied litigation between numerous parties.
 
 
 2
 The Federal National Mortgage Association (hereinafter called FNMA) is a wholly owned agency of the United States, organized under an Act of Congress, Title 12 U.S.C.A. § 1716, engaged in the business of purchasing, servicing and selling mortgages which are guaranteed by the Administrator of Veterans Affairs or insured by the Federal Housing Commissioner. In the servicing of its mortgages, FNMA enters into written agreements with various persons for the collection of the mortgage payments and for the performance of such other duties in connection with these mortgages as are required by the agreements. For these services the servicer receives a servicing fee of ½ of 1% based upon the amount of mortgage payments received.
 
 
 3
 In early 1952, FNMA had a servicing agreement with the Perpetual Building & Loan Association, (hereinafter called Perpetual), under which Perpetual was servicing approximately three hundred mortgages involving a principal amount of in excess of $1,400,000. On June 3, 1952, the mortgages being serviced by Perpetual were transferred by FNMA to the Equitable Building & Loan Association (hereinafter called Equitable) for servicing after such date, under the terms of a written servicing agreement entered into by FNMA with Equitable, dated June 3, 1952.
 
 
 4
 The agreement between FNMA and Equitable among other things provided in Paragraph No. 7:
 
 
 5
 "The Association, on 30 days' written notice to Seller, (of the mortgage), may terminate the servicing duties which Seller agrees to perform in Part B hereof, as to one or more specific Mortgages or as to all Mortgages; and the Association may elect at any time to withdraw a delinquent Mortgage from further servicing. If Seller violates any provision of this Agreement (except paragraph 1 in Part B), the Association, on one day's written notice, may terminate the servicing duties which Seller agrees to perform in Part B hereof. In any case in which the Association terminates the servicing duties for cause, the Association shall, at its option, be released from its obligation to purchase any Mortgage pursuant to any contract made by the Association and Seller."
 
 
 6
 Thereafter, FNMA in exercising its right to terminate the servicing duties with Equitable, and in accordance with Paragraph 7 of the written agreement between the parties, gave Equitable a thirty-day notice of termination, dated March 18, 1954, the termination to be effective at the close of business April 23, 1954. FNMA, thereupon, made arrangements with August Kohn & Co., C. W. Haynes & Co., Inc., and the Great Southern Insurance Company to service these mortgages. Notices were directed by FNMA to each of the three hundred odd mortgagors directing them to make payments on their said mortgages on and after May 1, 1954, to the new servicer designated in the notice.
 
 
 7
 Then, after the servicing duties were transferred by FNMA to the three new servicers, effective April 23, 1954, Charles F. Cooper began a series of amazing court actions, all (it is alleged by the appellees) for the purpose of harassing FNMA and attempting to prevent or delay the transfer of the servicing duties desired by FNMA.
 
 
 8
 On April 24, 1954, the day after the servicing duties had been terminated with Equitable, an action was filed in the name of Equitable by Cooper, as its attorney, in the Richland County Court against Frank H. Greer, an agent of FNMA and August Kohn & Company, C. W. Haynes & Co., Inc. and the Great Southern Insurance Company. Equitable appeared before the Richland County Court and stated that the suit was brought without its authorization and the Court ordered that its name be withdrawn as party plaintiff.
 
 
 9
 The Court permitted Equitable to withdraw as plaintiff and upon motion of Cooper, the Court substituted Cooper and Paul C. deTreville as plaintiffs, although Cooper and Paul C. deTreville had never had any contractual relations with FNMA, and there was no showing that they had a right to claim any interest in a servicing agreement with FNMA. On the following day, again on motion of Cooper, the Court permitted the name of Perpetual to be substituted as the plaintiff on the claim that Perpetual was the real party in interest, and Equitable was made party defendant. Previous to this substitution of parties, the Court had issued a rule to show cause and a temporary restraining order, without notice, enjoining the defendants from collecting payments on the mortgages.
 
 
 10
 Immediately after the granting of the order of substitution, Frank H. Greer filed his petition to remove the case to the United States District Court on the ground that he was an agent of the United States Government and was being sued in that capacity. This case became Civil Action No. 4251 in the District Court. Thereafter, FNMA moved in the District Court to be made a party defendant, alleging that it was the real party in interest and a necessary party. Permission to intervene was granted.
 
 
 11
 Perpetual then filed a motion to remand. Equitable filed its motion to be dismissed as party defendant, upon the grounds that no cause of action was stated against it and that the action commenced by Cooper was without Equitable's authority or permission. Frank H. Greer and FNMA filed answers and counterclaims, and thereafter Equitable filed its answer and reply to the counterclaims, reserving its rights under its former motion to be dismissed.
 
 
 12
 Upon a hearing on the motion to remand in Civil Action No. 4251, the District Court found that the action was one against an agency of the United States and was properly a matter for the jurisdiction of the Federal Court. The District Court also found that the restraining order was improvidently issued by the Richland County Court, that the litigation of the right of FNMA without its appearance in that action in the Richland County Court, was improper and the District Court ordered that the restraining order be dissolved.
 
 
 13
 The District Court also determined that because no amended complaint had been served after Perpetual had been made party plaintiff and Equitable had been made a party defendant, there was no cause of action stated against any of the defendants. The Court, therefore, dismissed the action as to all parties.
 
 
 14
 Notwithstanding the District Court's decision as announced in open court that the litigation was an action against an agency of the United States, was properly a matter for the jurisdiction of the Federal Court, and that the litigation without FNMA as a party defendant was improper, the present action was instituted in the Richland County Court on May 24, 1954, by Cooper as attorney for Perpetual and others as plaintiff. Cooper not only failed to name FNMA as a defendant, as Judge Timmerman had expressly held should be done, but he also eliminated the name of Frank H. Greer, the agent of FNMA, for the purpose (it is alleged by appellees) of defeating the jurisdiction of the Federal Court. The present action, Civil Action No. 4311, is almost identical, except as to parties, with the action previously considered and dismissed by the Federal Court. Appellant alleges in the present action that "unauthorized employees" of FNMA were attempting to interfere with the agreement between FNMA and Equitable, to the detriment of the United States and of FNMA and of the plaintiffs as stockholders in Equitable. The former suit was incorporated by reference in appellant's present complaint. Also, notwithstanding the fact that the Federal Court ruled on May 21, 1954, that this was an action against the United States and involved property of the United States, the plaintiff, through Cooper, filed the action on May 24, 1954, and secured an order from the Richland County Court, without hearing or notice to FNMA, authorizing Perpetual to collect mortgage payments due and owing to FNMA, and enjoining the defendants from interfering with such collections.
 
 
 15
 Immediately upon the institution of this present action, August Kohn & Co., C. W. Haynes & Co., Inc., and Great Southern Insurance Company filed a petition for removal on the ground that they were being sued in their capacity as agents of an agency of the United States Government. Motion to remand (filed by the plaintiff) was granted by Judge Wyche. Immediately upon the remand, on June 4, 1954, FNMA petitioned the Richland County Court to be made a party defendant on the ground that the plaintiff, without legal right, had asserted control over the three hundred-odd mortgages, of a face value in excess of $1,400,000 which were the property of FNMA, and that the claim of the plaintiff was made adversely to FNMA's interest in these mortgages. The Richland County Court found that FNMA was a necessary party and permitted the intervention.
 
 
 16
 On the same day, June 14, FNMA filed its petition to remove the case to the United States District Court for the Eastern District of South Carolina, on the ground that it was an agency of the United States as defined in Title 28, Section 451, U.S.C.A., and was involved in a controversy arising under the laws of the United States, and that if the relief prayed for in the complaint were granted, it would be damaged in an amount exceeding the sum of $3,000.
 
 
 17
 On June 16 the plaintiff filed a traverse to the petition for removal, and moved to remand on the grounds:
 
 
 18
 (1) That FNMA by moving to intervene in the Richland County Court had waived its right to removal.
 
 
 19
 (2) That the petition for removal was fatally defective in that only one of the several defendants and none of the original defendants, had signed it.
 
 
 20
 (3) That the United States District Court was without jurisdiction to determine the issues made by the pleadings.
 
 
 21
 On June 15, the day before the plaintiff served and filed its motion to remand and traverse of the petition, FNMA filed its answer alleging, among other things, that plaintiff's action had seriously interfered with the servicing of the mortgages, and that the mortgages were being depreciated in value because of late payments. The answer alleged, moreover, that FNMA's property rights had been damaged in the sum of $100,000.
 
 
 22
 On June 24, ten days after FNMA was permitted to intervene, FNMA and the servicer defendants filed an amended petition to remove, in which all defendants joined with the exception of the fictitious "Series Directors of Equitable Building and Loan Association, Series 52."
 
 
 23
 All of the pleadings and orders in both the first case, Civil Action No. 4251, and in the present case, Civil Action No. 4311, were before Judge Timmerman when the matter was heard on June 24, and fully argued.
 
 
 24
 On June 25, Judge Timmerman signed the order from which this appeal is taken. After reciting the various steps taken in the case, the order recites that FNMA was a necessary party, and the only real party in interest, that plaintiff's failure to name FNMA as a party was patently for the purpose of circumventing the jurisdiction of the United States Court, and of litigating matters already adjudicated in the former action, and that the joinder of others as defendants who were but mere agents of FNMA, would not prevent removal.
 
 
 25
 Under this involved and complex situation, we are called on to decide two questions: (1) was the removal of the case proper; and (2) if so, did the District Court err in dissolving the injunction granted by the State Court. Since we think the District Judge decided both these questions correctly, the judgment of the District Court must be affirmed.
 
 
 26
 Perpetual contends that FNMA waived its right of removal by intervening in the State Court. We find no merit in that contention. The motion of FNMA to intervene here was clearly an appearance for a special purpose only.
 
 
 27
 "Special appearances by the defendant, not going to the merits, to protect his property against preliminary and summary proceedings, when time is essential, are held not to be waivers (of the right of removal), such as for the purpose of contesting an attachment, resisting the appointment of a receiver, or seeking to dissolve a preliminary injunction." (Italics added.) Dobie on Federal Procedure, 353-354.
 
 
 28
 And see, Atlanta, K. & N. Railway Co. v. Southern Railway Co., 6 Cir., 131 F. 657; Champlain Construction Co. v. O'Brien, C.C., 104 F. 930; Freeman v. Butler, C.C., 39 F. 1.
 
 
 29
 This question was squarely decided in Real Estate Loan Co. v. Brown, D.C., 23 F.2d 329, in an excellent opinion by District (afterwards Circuit) Judge Sibley. His words are as true and applicable in the instant case as they were there, 23 F.2d at page 331:
 
 
 30
 "When this property was seized thus by the receiver, its owner was as much forced to make an appearance touching it as if the sheriff had served it with process. It is true the appearance was in form by intervention, and not by answer; but the intervention was wholly defensive, seeking no benefit from the proceeding, and asking of the court only to be let alone. Intervener prayed to be made a party defendant, and the prayer was allowed by the court. In substance it was a defendant, and as much so in form as the circumstances permitted. * * *
 
 
 31
 "Looking at the substance of the matter, I hold Lane Cotton Mills Company to be a defendant within the meaning of the removal statute, having a separable controversy, entitling it to remove the suit to the United States court, and the motion to remand will be overruled."
 
 
 32
 In the instant case, the control of FNMA over its property had been completely taken out of the hands of FNMA by the State Court injunction and, according to FNMA, had been placed in the hands of a person not authorized to exercise such control. In Bond v. Tom, D.C., 25 F.Supp. 157, affirmed United States v. Bond, 10 Cir., 108 F.2d 504, District Judge Kennamer said, 25 F.Supp. at page 158:
 
 
 33
 "This is a suit to quiet title to eighty acres of land in Creek County, and was instituted in the State District Court of that county. The United States intervened, and * * * properly removed the cause to this court."
 
 
 34
 And, in Snow v. Texas Trunk Railroad, C.C., 16 F. 1, 2, Circuit Judge Pardee stated:
 
 
 35
 "* * * intervenors were proper parties to the litigation, and that as they had done all they could to become parties, and had been wrongfully refused the right by the state court, they were parties sufficient for the purpose of removing the case, if otherwise they had the right to remove the case." See, also, Lehman v. Spurway, 5 Cir., 58 F.2d 227, 229; 3 Moore, Federal Practice (1938), p. 3505, ch. 101, § 101.06.
 
 
 36
 The next objection to the removal, which we also think is without merit, is the failure of all the defendants to join in the removal petition. To this objection there are at least two answers. First, all the defendants did join in an amended removal petition which was allowed by the District Court; Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; Torquay Corporation v. Radio Corporation of America, D.C., 2 F.Supp. 841. The defendant, "Series Directors of Equitable Building and Loan Association, Series No. 52" may be utterly disregarded; for there is nothing in the record to show the existence of any such juristic person or persons. Second, since the suit in the State Court directly affected the property of FNMA, FNMA was an indispensable party to the litigation in the State Court. We also think that, as to FNMA and the plaintiffs, there existed a separable controversy; and, in such cases, the party to the separable controversy (here FNMA) may alone file the removal petition.
 
 
 37
 The ground of removal here is that the case involves a federal question. Since FNMA is a corporation organized under an Act of Congress and is wholly owned by the United States, a suit against FNMA arises under the laws of the United States and is, therefore, removable. Federal Deposit Insurance Corporation v. George-Howard, 8 Cir., 153 F.2d 591, certiorari denied 329 U.S. 719, 678 S.Ct. 53, 91 L.Ed. 623; Sabin v. Home Owners' Loan Corporation, 10 Cir., 147 F.2d 653, certiorari denied 326 U.S. 759, 66 S.Ct. 96, 90 L.Ed. 456. See, also, In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558.
 
 
 38
 The dissolution of the temporary restraining order issued ex parte by the State Court was a matter peculiarly in the discretion of Judge Timmerman. The record, we think, clearly discloses that in dissolving this injunction he was not guilty of any abuse of discretion. On the contrary, his decision was amply warranted by the record before him. See, Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 135 F.2d 592; Jackson v. South Carolina Colored State Fair Association, 109 S.C. 283, 96 S.E. 116; Bailey v. Town of Clinton, 88 S.C. 118, 70 S.E. 446.
 
 
 39
 For the reasons stated, the judgment of the District Court is affirmed.
 
 
 40
 Affirmed.