Matter of MacNEIL BROS. COMPANY, Adrian Corporation, Belknap Corporation, Concord Corporation, Delmont Corporation and Boston Development Corporation, Petitioners.

No. 5413 Original.

United States Court of Appeals First Circuit.

Oct. 3, 1958.

Angus M. MacNeil, Somerville, Mass., for petitioners.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

We have before us a motion filed Sept. 23, 1958, for leave to file, in typewritten form, a petition for Writ of Mandamus or for Mandatory Injunction, naming as respondent Honorable Bailey Aldrich, United States District Judge for the District of Massachusetts.

While we would be inclined to allow the petition to be filed in typewritten form if it were otherwise appropriate, we are of the opinion that the proposed petition on its face is so obviously without merit that we do not propose to require respondent to waste his time in answering an order to show cause. Accordingly, we shall enter an order denying leave to file the petition.

The proposed petition states that our "jurisdiction of this case arises from the general supervisory powers of the Courts of Appeals over the judges of the District Courts of the United States." We disclaim any such function. Our jurisdiction is purely statutory in accordance with the authority Congress has given us. Primarily we are an appellate court, but we are given a limited power to issue writs in aid of our appellate or potential appellate jurisdiction, in 28 U.S.C. § 1651 reading in part as follows: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As we pointed out in In re Josephson, 1 Cir., 1954, 218 F.2d 174, 177, "Contrary to the view which seems to have been occasionally taken, or at least *sub silentio* assumed, in other courts of appeals, we do not think that 28 U.S.C. § 1651 grants us a general roving commission to supervise the administration of justice in the federal district courts within our circuit, and in particular to review by a writ of mandamus any unappealable order which we believe should be immediately reviewable in the interest of justice."

We do not now have before us any record of the proceedings in the United States District Court as certified by the Clerk thereof. All we know is what is set forth in the petition for Writ of Mandamus, which proposes to "incorporate by reference" certain proceedings in the State courts of Massachusetts.

The petition asserts that MacNeil Bros. Company, a Massachusetts corporation, "brought a suit for redemption of certain real estate in Greater Boston against State Realty Company of Boston Inc. from the operation of a mortgage. This suit was brought in the Superior Court of Massachusetts for the County of Middlesex and was known as case 18671 eq. at said court." Later it is alleged that " * * * the said Petitioners herein except MacNeil Bros. Company filed a Petition for Removal of said suit 18671 to the United States District Court for the District of Massachusetts from the Superior Court for Middlesex County." These other petitioners are said to be Adrian Corporation, Belknap Corporation, Concord Corporation, Delmont Corporation and Boston Development Corporation, all incorporated in Massachusetts. Since it does not appear that these other petitioners herein were ever parties to the suit in the State court commenced by MacNeil Bros. Company, we do not perceive what standing they had to petition for removal of the litigation to the federal court. At all events, the District Court entered its order, now sought to be reviewed, dismissing said petition for removal.

The present petition for Writ of Mandamus does not quote the text of this

order of the District Court nor even give its date. As a matter of curiosity, we directed our Clerk to inspect the records in the District Court and he has reported to us that on April 7, 1958, Judge Aldrich issued an order of dismissal reading as follows: "Having examined the Petition for Removal, so-called, and all papers accompanying same filed therewith, the only matter that is clear to the court is that the petition must be, and it hereby is, dismissed, for, among other reasons, lack of jurisdiction."

The removal provisions of the Judicial Code contain no reference to any such type of order. Under 28 U.S.C. § 1446 it seems that a case is effectively removed from the jurisdiction of a State court by a filing in the proper District Court of the United States of a "petition for removal" by a "defendant or defendants desiring to remove any civil action or criminal prosecution from a State court". It is contemplated that sometimes a case may thus physically be removed "improvidently and without jurisdiction," for in that event the federal district court is directed by 28 U.S.C. § 1447(c) to "remand the case". 28 U.S.C. § 1446(e) provides that "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." It seems that the District Judge here was of the view that the provision in § 1446(e) for the filing "of such petition" refers to a petition filed by "a defendant or defendants" in a pending State court action; and that if no such petition is filed by a defendant, but rather, a so-called petition for removal is filed by persons having no standing to file such petition, then in such event the mere filing of the petition would not effectuate a removal, so that it would be proper for the District Court to enter an order, of the type now sought to be reviewed, dismissing the petition for removal.

However that may be, it is the theory of the pending petition for Writ of Mandamus that the petitioners complied with all the requirements of law pertinent to the removal of cases and therefore, that the case was, in fact, actually removed to the Federal District Court, giving the District Court authority to do only one of two things: (1) to decide the case or (2) to remand the same to the State court if in its view the case was "removed improvidently and without jurisdiction".

Therefore, the prayer in the petition for Writ of Mandamus is obviously too restricted in that this court is asked to order respondent to proceed to a disposition of the removed case, which would cut him out of the statutory power to consider whether the case should not be remanded to the State court as having been removed "improvidently and without jurisdiction". As in other situations of lack of jurisdiction, this is a matter which the court would be under a duty to examine on its own motion, without waiting for a motion to remand.

If the District Court should enter an order technically "remanding" the case to the State court, such order, no doubt, would be a "final decision", but it would not be subject to review in this court on appeal or otherwise under the express prohibition of 28 U.S.C. § 1447 (d). In other words, whether such order of remand would be proper or improper, it was the intention of Congress to spare litigants the burden of delay incident to a judicial review of such order. Whether such review were attempted by appeal or by resort to the "all-writs" section of the Judicial Code, an appellate court would not undertake to review an order of remand. See Metropolitan Casualty Insurance Company v. Stevens, 1941, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044; Travelers' Protective Association of America v. Smith, 4 Cir., 1934, 71 F.2d 511.

It seems apparent that the District Court did not consider it technically appropriate to issue an order of "remand" because in its view no removal

of the case to the federal court had been effectuated by the filing of any "such petition" by a defendant or defendants in the State court action. Equally obviously, the effect of the order of dismissal of the petition for removal was not to dismiss the original complaint which the District Court considered as never having been removed from the jurisdiction of the State court, but to leave the said case pending on the docket of the Superior Court for Middlesex County; and so far as we can see under the peculiar circumstances, that Court will not have to wait for a technical order of "remand" before proceeding to exercise its jurisdiction to dispose of the case.

As a matter of fact, one of the present petitioners, namely Delmont Corporation, on April 18, 1958, filed a notice of appeal from the District Court's order of April 7, 1958, dismissing the petition for removal. That appeal has never been prosecuted by the filing of the record and docketing of the case in the Court of Appeals accompanied by the required entry deposit. On May 23, 1958, counsel for appellant advised the Clerk that this appeal was not going to be prosecuted and, at counsel's direction, the original papers were returned to the District Court. However, appellant has made no move in the District Court to have the appeal dismissed pursuant to Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C. This notice of appeal is still hanging fire undisposed of. Of course, the application for a Writ of Mandamus under 28 U.S.C. § 1651 cannot be used " 'as a substitute for an appeal' ". See Petition of Henneman, 1 Cir., 1943, 137 F.2d 627, 631.

If it be assumed that we have a present discretion in the premises under 28 U.S.C. § 1651, we are satisfied that the petition presents no such extraordinary or compelling situation which should move us to review the challenged order at this date.

An order will be entered denying leave to file the petition for a Writ of Mandamus.