Terry KANE, doing business as Agencia de Tractores y Equipos, S.A., and individually, Terry Kane, H. A. Kane, and Louis Kane, as successors to and last Board of Directors of Agencia de Tractores y Equipos, S.A., and as holders of a majority of stock of said inoperative former corporation on behalf of all stockholders thereof, Plaintiffs,

v.

REPUBLICA DE CUBA and/or National Institute of Agrarian Reform and Cuba Aeropostal Agency Inc. and/or Cuba Aeropostal, S.A., Defendants,

V/O Prodintorg, Intervenor.

Civ. No. 444-62.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 19, 1962.

Standard, Weisberg & Harolds, New York City, Nachman & Feldstein, San Juan, P. R., for intervenor.

I. Rodriguez Moreno, Elmer Toro Luchetti, Alvaro Calderon, Jr., San Juan, P. R., for plaintiffs.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on plaintiffs' motion to remand filed on November 30, 1962 which came up for hearing on December 10, 1962.

Council for the plaintiffs and for the removing petitioner V/O PRODINTORG, extensively argued at said hearing the propriety according to law of the removal of the action at the instance of V/O PRODINTORG and the latter's standing as a party entitled to such removal under the law.

Written memoranda in support of the parties views thereon have been also filed and the Court upon due consideration of the record, the oral argument and the

memoranda of counsel is now duly advised in the premises.

## I

■ ■ The removal of actions from State Courts (The Commonwealth of Puerto Rico is considered a State for said purpose) to federal courts, is purely statutory.

Little York Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 201, 24 L.Ed. 656.

The statutory provisions governing such removal are contained in Sections 1441 to 1450, Title 28 U.S.C.A.

■ Only the defendant or defendants are entitled to remove the action. (Secs. 1441(a) 1442(a) and (b), 1442a, 1443, 1446(a), Title 28 U.S.C.A.)

■ It is, therefore, unquestionable that one seeking to remove an action from a state court to a federal court must not only be a defendant in the action but also hold the status of a party therein.

See: Commonwealth of Puerto Rico, Pl. v. Condado Development Corp. Def. and Edward J. Behn, et als. Third-Party Def.—Civil No. 175–60 of this court.—Memorandum opinion of January 4, 1961. —Unreported.—

## II

■ The record of this action in the Commonwealth Court from where it was removed to this court shows that V/O PRODINTORG was neither a defendant nor a party in said action originally. On or about November 8, 1962 V/O PRODINTORG filed in said Commonwealth Court an allegation and Motion of Intervention which was contested by the plaintiffs in the action. A hearing on said motion or allegation of intervention before the Hon. Fausto Ramos Quirós, Judge of said Court, took place on November 21, 1962 and counsel for the parties were directed to file memoranda of law as to the propriety of said intervention by November 24, 1962. On November 27, 1962 V/O Prodintorg filed in this Court its Petition for Removal attaching copies of all process, pleadings and orders in the Commonwealth's court to which reference is made in said petition for removal, in addition to its motion to intervene and its pleadings in said Court. In addition, a cash removal bond in the amount of $300.00 was posted with the Clerk of this Court on said date of November 27, 1962.

In support of its alleged status as a person entitled to remove the action to this Court under the provisions of law above cited, V/O Prodintorg contends that, although intervenors generally may not remove as defendants, nevertheless when they are sole defendants or other exceptional circumstances appear to exist, intervenors may remove.

In support of said contention V/O Prodintorg cites Moore, Federal Practice, Vol. 1A pages 1053–1057 (2d Edition 1961).

However, the aforesaid citation of Moore's is conditioned at page 1054, as follows:

"But since a separable controversy is no longer a basis for removal" (the present removal statute, Sec. 1441, Title 28, eliminates the separable controversy as a ground for removal) "the foregoing authorities must be evaluated with that in mind." (language in parenthesis supplied).

The "foregoing authorities" to which reference is made in the aforesaid quotation from Moore's are Real Estate Loan Co. v. Brown, 5 Cir., 23 F.2d 329; Lehman v. Spurway, 5 Cir., 58 F.2d 227, 229 (dictum) and Perpetual Bldg. & Loan Ass'n v. Series Directors, etc., 4 Cir., 217 F.2d 1, cert. den. (1955) 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246, are cited by V/O Prodintorg (with the exception of Lehman v. Spurway rated as a dictum by Moore) in support of its proposition that it as *petitioning intervenor* must be considered as a party defendant in the action for the purposes of the removal.

In Real Estate Loan Co. v. Brown, 5 Cir., 23 F.2d 329, 331 so relied on by V/O Prodintorg, the intervention had been allowed, as prayed, by the state court, before the case was removed. This plainly

appears from the following quotation from page 331 of the opinion in said case:

"Intervenor prayed to be made a *party defendant*, and the prayer was *allowed* by the court. In substance it was a defendant, and as much so in form as the circumstances permitted."

(Emphasis supplied).

The Court also found that there was a separable controversy which entitled the intervenor to remove under the old statute in force at the time said action was decided.

At present, under Sec. 1441, Title 28, U.S.C.A. said ground for removal no longer exists.

Perpetual Building and Loan Association v. Series Directors, etc., 4 Cir. 1954, 217 F.2d 1, cert. den. 1955, 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246, also cited by V/O Prodintorg in support of said proposition, follows the same line of reasoning of Real Estate Loan Co. v. Brown, supra, and at p. 5, 217 F.2d, quotes the part of the opinion of said case, which has been quoted above.

There, also, the intervenor had prayed in the state court to be made a party defendant and the court had allowed said prayer before the case was removed.

The holding of the above two cases is sound and this court would follow them without any hesitation whatsoever if the factual situation which this Court has before it in this action were apposite to the ones involved in said cases.

No doubt that V/O Prodintorg's position in this action and the circumstances in it prevailing would have amply warranted the Commonwealth court to allow the intervention, following the holdings of the two above discussed cases. And no doubt that if said court would have so allowed the intervention, the removal to this court would have been unimpeachable and the motion to remand would have to be denied.

But when the petition for removal to this court was filed the Commonwealth Court had not entered any order allowing or disallowing V/O Prodintorg's intervention and, therefore, the latter had no status as a defendant or even as a party to remove the case.

It further appears that one day after the petition for removal was filed in this court, but on the very day that a copy thereof was filed in the Commonwealth court pursuant to Sec. 1446(e) of Title 28, U.S.C.A. that Court entered an order disallowing V/O Prodintorg's petition for intervention.

Under this ruling of the Commonwealth Court the status of V/O Prodintorg as regards removability became still less meritorious.

### III

V/O Prodintorg also contends that one who has the right to intervene as a party defendant in an action before a state court, because of his interest in the res that has been attached in said action and of which he will be deprived unless permitted to intervene, does not need to wait until his petition for intervention is allowed by the state court for requesting the removal of the action to the federal court invoking a status as party defendant.

In support of said proposition V/O Prodintorg cites the case of Snow v. Texas Trunk Railroad, 5 Cir., 16 F. 1.

That case was decided on the basis that the court assumed that under the Texas law there existed "a clear statutory right to intervene, *without any leave of court first had and obtained.*" (at p. 2) (Emphasis supplied).

Moreover, said case does not appear to have been followed and does not indeed represent good law.

V/O Prodintorg cites 32 L.P.R.A.Appendix, Rule 21.1(c) and a series of cases decided by the Supreme Court of Puerto Rico, on the matter of intervention as of right, but neither said rule nor any of said cases support the view that leave of court is not necessary for intervention.

The better settled rule of law is that one not a party to a suit, because his intervention has been denied by the state court, has no standing to remove the action to the federal court and have

the latter pass on the state court's disallowance of his intervention.

Kidder v. Northwestern Mut. Life Ins. Co., 7 Cir., 117 F. 997.

Cf. Ex parte Cutting, 94 U.S. 14, 24 L. Ed. 49; Guion v. Liverpool, London and Globe Insurance Co., 109 U.S. 173, 3 S.Ct. 108, 27 L.Ed. 895.

See also: In re MacNeil Bros. Company, (1 Cir.) 259 F.2d 386 (1958).

## IV

■ V/O Prodintorg further contends that the Commonwealth Court's order disallowing its petition for intervention was based on a misapplication of the law and was therefore erroneous and asks this court to pass on the ruling of said court and arrive here at the contrary conclusion that V/O Prodintorg had a clear right to intervene in the action.

I have carefully read the order of the Commonwealth's Court disallowing V/O Prodintorg's intervention, and the cases cited therein, as well as the quotation contained in said order, which does not appear to coincide with the language of the opinion at p. 200 of 32 F.2d Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc. from which apparently it has been copied. The complete opinion in the action from which said incomplete quotation has been made supports a different conclusion from that reached by the Commonwealth Court. One of the attorneys for the plaintiffs in this case admitted at the hearing held in this court on the motion to remand, that he was responsible for inserting said quotation with such substantial deletions in the memorandum he filed with the Commonwealth Court in opposition to the allowance of V/O Prodintorg's petition for intervention.

The cases cited in support of the Commonwealth Court's order disallowing the intervention are also inapposite to the factual situation in the present action. There the contention was that a foreign government could not be held to have waived sovereign immunity through the acts of an alleged agency consenting that the sovereign government be sued. Here, as in National City Bank of New York v. Republic of China, 348 U.S. 356, 75 S. Ct. 423, 99 L.Ed. 389, the agency was appearing on behalf of the sovereign government to sue or intervene.

No doubt the Commonwealth Court, because of the deletions in the aforesaid quotation contained in plaintiffs memorandum on the matter before it, was inadvertently induced to err in the interpretation of said cases, but this is a matter to be presented to the deciding judge of said court directly by the party affected by said order and this court has no power whatsoever to alter the conclusions reached respecting the matter by said Court.

On this question I deem it appropriate to quote from Kidder v. Northwestern Mut. Life Ins. Co., supra, at p. 998 of 117 F., the following:

"The state court had jurisdiction of the petition of intervention and of the parties, and its decision denying the right of intervention, however, erroneous, is binding and conclusive on this court. It cannot, for the purpose of giving the interveners a standing as defendants, be treated as a nullity by a court of co-ordinate jurisdiction. The circuit courts of the United States are not, by the removal act, constituted courts of review, with authority to reverse or hold for naught the decisions of the state courts on questions of who are entitled to intervene in suits pending therein. It cannot be successfully maintained, when a state court has refused to permit a person to become a defendant, that he is a defendant because he ought to have been made one."

Plaintiffs motion to remand must be, as it is hereby granted.

The Clerk is directed to mail a certified copy of this order to the Clerk of the Superior Court of Puerto Rico, San Juan Part, whence it was removed to this Court.