**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 16, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2167

| | |
|---|---|
| IN RE: WALTER J. BRZOWSKI, *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | No. 07 C 5613 |
| | Rubén Castillo, *Judge*. |

### O R D E R

After Walter Brzowski repeatedly filed federal challenges to his divorce case, the Executive Committee for the United States District Court for the Northern District of Illinois restricted him in 2007 from filing new cases without its permission. Brzowski ignored the requirement, so in May 2019 the Committee renewed the restriction for another year. Brzowski contests that renewal, arguing that the Committee unlawfully imposed the restriction to retaliate against him for exercising his First Amendment right

---

[*]We have agreed to decide the case without oral argument because the brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to bring federal challenges to his divorce case. But those challenges were frivolous suits, not protected speech, so we affirm the Committee's judgment.

Brzowski's ex-wife sued him for divorce in Illinois state court in September 2001. Dissatisfied with those proceedings, Brzowski came to federal court in 2002 with a suit asserting that the state court was violating his constitutional rights. He moved for leave to proceed in forma pauperis, *see* 28 U.S.C. § 1915(e)(2)(B), but the district court denied that request. The court construed Brzowski's submission not as a petition for removal but as a complaint initiating a new suit and dismissed it because it failed to state a claim and the court lacked jurisdiction to review a state-court proceeding. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923). Brzowski returned to federal court a year later, submitting another complaint about his ongoing divorce, along with a petition for removal and a motion for pauper status. Unsure whether Brzowski intended to remove his state-court case or initiate a new federal case, the district court ruled that it lacked jurisdiction either way, again citing *Rooker* and *Feldman*, and denied his motion and dismissed the case.

Meanwhile, the divorce proceedings continued in state court. During those proceedings, Brzowski was arrested for failing to appear in court and for violating a protective order. He responded in state court by contending that the court lost jurisdiction when he submitted his purported removal petitions in federal court, so he could ignore its orders with impunity. The state court rejected these arguments, dissolved Brzowski's marriage, and granted custody of the children to his ex-wife.

Afterwards, between 2003 and 2007, Brzowski brought nine suits in federal court, leading to the filing restriction. These suits attacked his divorce case on his theory that, once he filed what he considered removal petitions, the state court lacked jurisdiction. The district court dismissed each suit for failure to state a claim or lack of subject-matter jurisdiction. It also warned Brzowski that state court was the proper venue to challenge his divorce. Brzowski ignored the warnings, so in September 2007, the Executive Committee enjoined him from filing new civil actions without its leave. Brzowski did not initially appeal, but he also did not obey the restriction. Over the course of more than a decade, he has continued to submit complaints and other documents to the district court without permission. For that reason, the Committee has kept renewing the restriction.

Brzowski's current appeal differs slightly from some of his others. In 2009, 2010, and 2017, Brzowski attempted to appeal the filing restriction after the Committee renewed it, but each time he failed to pay the filing fee, and we dismissed those

appeals. In May 2019, after he violated the filing restriction again, the Committee renewed it for another year, precipitating this appeal. This time Brzowski moved for leave to appeal without prepaying fees, and the district court granted his request.

Brzowski now argues that the Executive Committee's order violates the First Amendment. He reasons that the Committee restricted his filings in retaliation after he "exposed" (through his nine lawsuits) the district court's error of never issuing remand orders, the absence of which he argues barred the state court from proceeding in his divorce case. He relies on 28 U.S.C. § 1446(d), which provides that after a removal petition is filed, "the State court shall proceed no further unless and until the [removed] case is remanded." *See also Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (once a notice of removal is filed, the state court loses all jurisdiction over the case). He does not explain why he did not raise this argument when the Committee first entered the restriction, even though it was just as available to him then as it is now.

We will put to the side whether Brzowski forfeited this argument because, on the merits, the filing restriction does not violate the First Amendment. The First Amendment prohibits punishing protected speech. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Filing lawsuits and criticizing public officials are generally protected speech. *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1955 (2018). But "baseless litigation" is not. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983).

Brzowski's suits were baseless because a remand order was unnecessary for the state court to retain jurisdiction over his divorce. Even if we construed his two original federal filings as attempted removal petitions, they did not divest the state court of jurisdiction because Brzowski never paid the filing fee nor obtained pauper status as required for a valid filing. *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (document commencing action is not filed until fees are paid or pauper status is granted). Because he never effectively filed a petition for removal, the state court's jurisdiction remained intact, obviating any need for an order of remand. *See Stone v. South Carolina*, 117 U.S. 430, 432–33 (1886); *Berberian v. Gibney*, 514 F.2d 790, 792–93 (1st Cir. 1975); *In re MacNeil Bros. Co.*, 259 F.2d 386, 388–89 (1st Cir. 1958); *see also Eastern v. Canty*, 389 N.E.2d 1160, 1163 (Ill. 1979). Further, if Brzowski believed that the state court lost jurisdiction over his divorce case, his remedy was not to file new federal actions collaterally attacking the case but rather to "make defence in that tribunal in every mode recognized by the laws of the State." *Acevedo Feliciano*, 140 S. Ct. at 700

(quoting *Nat'l Steamship Co. v. Tugman*, 106 U.S. 118, 122–23 (1882)) (reviewing an appeal from the Supreme Court of Puerto Rico, not entertaining a collateral attack).

We have considered Brzowski's other arguments, and none has merit.

AFFIRMED