**In the matter of Margaret POZSGA, An adult incapacitated and protected person.**

**No. CIV 94–1999 PHX PGR.**

United States District Court, D. Arizona.

Nov. 15, 1994.

---

Jonathan P. Schubert, Phoenix, AZ, for Margaret Pozsga.

Kevin John Witasick, Phoenix, AZ, for petitioner, Whitney Scott–Witasick.

## ORDER

ROSENBLATT, District Judge.

Whitney Scott–Witasick filed a Petition for Appointment of Guardian of and Conservator for an Adult Incapacitated and Protected Person in the Arizona Superior Court in March, 1994, which resulted in the protected person, Margaret Pozsga, requesting in her Petition for Approval of Payment of Attorney's Fees and Costs filed in July, 1994 that Scott–Witasick be required to pay all of Pozsga's attorney fees incurred in the guardianship action. On September 28, 1994, Scott–Witasick, through her counsel, Kevin John Witasick & Associates, removed this action on the basis of federal question jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1446; the premise of the Notice of Removal was that Scott–Witasick was the "respondent" as to the attorney's fee petition and her Fourteenth Amendment due process rights were being violated by the state court in its handling of the fee petition. On October 3, 1994, the Court entered an order that *sua sponte* remanded this action to the state court for lack of subject matter jurisdiction;[1] the Court also provisionally found therein that the filing of the Notice of Removal violated Fed.R.Civ.P. 11 and ordered that cause be shown why an appropriate sanction should not be entered. Having reviewed

Scott–Witasick's Prehearing Memorandum on Order to Show Cause and having heard the oral argument of counsel, the Court now formally finds that a sanction should be imposed upon Kevin John Witasick & Associates because the removal of this action violated Fed.R.Civ.P. 11(b)(2).

■ A Rule 11 sanction is appropriate when a pleading is frivolous, i.e. both baseless and made without a reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*). Counsel's subjective belief in the propriety of the pleading is irrelevant in determining if Rule 11 has been violated since that assessment must be made using an objective test of reasonableness, *Yagman v. Republic Insurance*, 987 F.2d 622, 628 (9th Cir.1993), based on whether a competent attorney would have a good faith argument for the legal theory advanced after a reasonable inquiry into the facts and the law. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986), *abrogated on other grounds*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). The fact that counsel may have conducted a reasonable amount of legal research does not satisfy the requirements of Rule 11 if the conclusion drawn from that research is itself indefensible. *Id.* Based on the record before it, the Court concludes that the removal of this action is sanctionable under Rule 11 because the legal theory underlying the removal so lacked an arguable basis in law that it was objectively unreasonable for counsel to rely upon it.

■ Even if the Court were to accept counsel's explanation of why Scott–Witasick must be deemed to be a defendant with the right of removal,[2] the Court would still be

---

1. The Court concluded in that order that it had no jurisdiction over the removed action because Scott–Witasick was not the defendant in the state action, that she had no right to remove the state action even if she were deemed to be a defendant because the allegations in the notice of removal were insufficient to invoke 28 U.S.C. § 1443(1), which was the only arguably relevant removal statute given her claim that her constitutional rights were being denied by the state court, and that the *Rooker–Feldman* doctrine barred any removal for the purpose of having this Court review the legality and correctness of the state court's decisions and procedures.

2. Counsel's response to the order to show cause argues that Scott–Witasick was a defendant in the state action because the attorney's fee petition filed by Margaret Pozsga was a separate action from the guardianship/conservatorship action filed by Scott–Witasick since the former was filed after the latter had been terminated by court order. The Court is unpersuaded by this argument because the fee petition was technically a continuation of the guardianship/conservatorship action since both bear the same case number, PB 94–844, and both are being treated by the state court as a single action, and because it appears from the limited state court record

compelled to conclude that the removal of this action was legally frivolous since it is clear from the record that the action that her counsel removed did not come and could not conceivably have come, within the Court's removal jurisdiction and counsel's argument to the contrary can only be described as incredible in light of the very well settled law governing removal of state court cases. The gist of counsel's contention that this Court has both original and removal jurisdiction over this action is as follows:

> Respondent removed this matter with the expectation of filing a complaint immediately thereafter asserting a cause of action under 42 U.S.C. § 1983, with the intention that the removed matter be appended to the § 1983 action pursuant to 28 U.S.C. § 1441(c). ... As for the § 1983 complaint, respondent specifically stated in its Notice of Removal to Federal Court that "[a]dditional pleadings will be filed with this Court, in the very near future, detailing the nature and extent of these numerous constitutional violations"[.] ... Because the Court acted *sua sponte* on the very next day after the notice of removal was filed, respondent did not have the opportunity to file an independent action under § 1983, to which the removed matter could be appended, pursuant to § 1441(c).

> ... Respondent further submits that both removal and original jurisdiction would have been proper in light of respondent's expected filing of a § 1983 complaint because the claim set forth in the complaint ... is inextricably intertwined with the removed action, thereby justifying pendant [sic] jurisdiction. (Scott–Witasick's Prehearing Memorandum at 8–9).

▮▮▮ The Court has no quarrel with counsel's contention that Scott–Witasick could initiate an action pursuant to 42 U.S.C. § 1983 to remedy any violation of her constitutional rights by the state court and that such an action would fall with the Court's original jurisdiction; the Court's quarrel with

counsel's position is that it is simply irrelevant for several reasons, all of which are based on legal principles easily ascertainable through a modicum of competent legal research. First, while the requirements for both original jurisdiction and removal jurisdiction "relate to the same end, that is, federal jurisdiction[,] [t]hey are not ... alternative means for a defendant to reach that end. Defendants must come within the court's removal jurisdiction. The concept of original jurisdiction has no meaning with respect to a [removing] defendant." *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir.1992). Second, the power to remove an action falling within the district court's original jurisdiction is limited by the well-established corollary that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); accord, *Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1129 (9th Cir.1992). In this case it is obvious that there was simply no federal question plead in the state court action, whether that action is deemed to be a guardianship action or an independent action for attorney's fees. Third, the federal question upon which removal is based must exist at the time the notice of removal is filed and "if the case is not then removable it cannot be made removable by any statement in the petition for removal or in any subsequent pleadings[.]" *Great N. Ry. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); accord, *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979). Thus the fact that it was counsel's intention at the time of removal to subsequently file a § 1983 action and "append" the removed action to it does not in any manner confer removal jurisdiction over the state action that existed at the time of removal. Counsel's reliance upon 28 U.S.C. § 1441(c), which merely provides authority for removing pen-

---

before the Court that the order entered by the state court judge on June 20, 1994 did not in fact terminate the guardianship/conservatorship proceeding on that date since Scott–Witasick was

ordered therein to file a final accounting with the state court by July 15, 1994, a date subsequent to the filing of the fee petition.

dent state law claims plead in the same complaint as a federal claim, is absolutely unavailing; the statute simply has no application to the facts of this case since the state action that was removed did not contain any federal claim. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d at 1066.

The sanction imposed for violating Rule 11 must be limited to what is sufficient to deter repetition of that conduct or comparable conduct by others similarly situated. Rule 11(c)(2). The Court concludes that a penalty of $100.00 is sufficient for that purpose when viewed in light of the expenses that counsel has incurred in filing and defending the removal of this action and the fact that the Court is publishing this opinion. Therefore,

IT IS ORDERED that Kevin John Witasick & Associates shall pay a penalty of $100.00 into the Court pursuant to Fed. R.Civ.P. 11(c)(2) for filing a Notice of Removal that violated Fed.R.Civ.P. 11(b)(2). The penalty shall be paid to the Clerk, U.S. District Court no later than November 28, 1994.