**Allisan ADAMS & Willie Adams, Plaintiffs,**

v.

**ADMINASTAR DEFENSE SERVICES, INC., Defendant.**

**Civ. No. 3:95–703 (DJS).**

United States District Court, District of Connecticut.

Oct. 20, 1995.

David James Scully, Kernan & Henry, Waterbury, CT, for plaintiffs.

Christine L. Sciarrino, U.S. Attorney's Office, New Haven, CT, Alan M. Soloway, U.S. Attorney's Office, Bridgeport, CT, for defendant.

## MEMORANDUM OPINION AND ORDER

SQUATRITO, District Judge.

The United States Department of Defense, a non-party to this action, removed this case to federal court on April 20, 1995, upon its filing of a "Motion for Removal and to Substitute United States of America for Defendant as Real Party in Interest." The "motion" rests the basis for removal on 28 U.S.C. § 1442(a)(1), which provides in relevant part:

A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States: (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

On July 28 the court on its own motion ordered the United States to show cause why this case should not be remanded in light of two defects apparent on the face of the removal notice: first, neither the United States Department of Defense nor the Office of Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") was a defendant in the state-court action; and, second, assuming the Department of Defense or CHAMPUS could be viewed as a defendant in the action, removal by either under 28 U.S.C. § 1442(a)(1) is prohibited. *See International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991).

The response of the United States is not elucidating. For the first time the government introduces the Secretary of Defense as the "properly named party," and argues that, since it is "essentially he who is being sued," removal under § 1442 is appropriate. Were the plaintiffs to have sued Secretary Perry, the government's argument certainly would prevail. The plaintiffs, however, have sued neither Secretary Perry nor an entity over which the Secretary exercises authority, i.e. the Department of Defense or CHAMPUS. Even if the plaintiff had sued such an entity, that entity would not have the ability to remove this case to federal court. *See Primate Protection League, supra.* The government's argument, which implicitly urges the court to recognize Secretary Perry as the "real" defendant and thereby ratify the removal of this case after the fact, certainly would render the Supreme Court's efforts in *Primate Protection League* a nullity.

Removal is purely a statutory right, and removal statutes should be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action. *See Housing Auth. of Atlanta v. Millwood,* 472 F.2d 268, 272 (5th

80

Cir.1973); *In re MacNeil Bros.*, 259 F.2d 386, 387 (1st Cir.1958) (per curiam); *Conway v. Delgado,* No. 92–0905, 1992 WL 189428 (D.D.C. July 21, 1992); *Kane v. Republica De Cuba,* 211 F.Supp. 855, 856 (D.P.R.1962); *see also City of Alma v. Bell, Galyardt & Wells, Inc.,* 606 F.Supp. 686, 689 (D.Neb. 1985). Despite the order to show cause, the government makes no attempt to validate the proposition that a non-party has standing to remove a case, and each of the ever-emergent "defendants" that the government has put forth as the remover of this case simply are not parties, much less defendants, to this action. Whether the United States in any capacity in fact has an interest in this litigation must first be decided by the court in which the plaintiffs brought suit. *Cf.* 28 U.S.C. 2679(d). The outcome of any such determination and its implications, if any, on the litigation are matters that do not concern this court.

For each of the reasons expressed, the court finds that the removal of this case was not authorized by law and that the court lacks subject matter jurisdiction over the controversy. Consequently, remand is necessary. *See Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 41, 43 (2d Cir.1991).

Accordingly, this case hereby is **RE-MANDED** to the Superior Court of the State of Connecticut. The Clerk of Court is directed to transmit the appropriate record and close this case. *See* 28 U.S.C. § 1447(c).

It is so ordered.