Brian GEIGER, et ano., Plaintiffs,

v.

ARCTCO ENTERPRISES, INC., etc., et al., Defendants.

No. 95 Civ. 8589 (LAK).

United States District Court, S.D. New York.

Jan. 5, 1996.

George N. Statfeld, New York City, for Plaintiffs.

Blair W. Todt, Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, NY, for Defendant Arctco Sales, Inc.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This case is before the Court in consequence of a jurisdictional and procedural quagmire created by plaintiffs' counsel.

### Facts

In or about January 1995, plaintiffs brought an action in the Supreme Court of the State of New York, Rockland County, against defendants styled in the caption of the summons as "Artco Sales Inc. and Arctic Cat Co. and/or Arctic Cat Inc, Fuller Services, Articat Inc." (the "State Court Action"). The complaint, it should be added, does nothing to clarify the ambiguity concerning the number of the defendants intended to be sued, although nothing turns on this.

This action was commenced by plaintiffs on or about October 10, 1995 against defendants "Arctic Enterprises, Inc., a/k/a Minstar, Inc., and Minstar, Inc." The complaint was amended to add a third defendant, Arctco Sales, Inc. Jurisdiction purportedly is premised on diversity of citizenship. Plaintiffs allege that they are residents of New York. They allege, inconsistently, that defendants each are domestic *and* foreign corporations. (Am.Cpt. ¶¶ 2–3).

To add still more confusion, plaintiffs on November 28, 1995, filed in this Court—under this docket number—a document bearing the caption of the State Court Action headed "Notice of Filing Notice of Removal" by which they purported to remove the State Court Action to this Court. The document alleged that the State Court Action had been discontinued as against Fuller, that Arctco is a citizen of Minnesota and that "[t]he plaintiff ... is a resident of ... New York ..." No mention is made of the "Arctic Cat Co. and/or Arctic Cat Inc.," which appears to be named in the caption as a defendant, or of the residence or citizenship of the second plaintiff.

Arctco Sales, Inc. moves to remand the State Court Action to the State court for lack of subject matter jurisdiction. It also moves to dismiss or stay this action in deference to the State Court Action.

### Discussion

■ 1.  It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as plaintiffs sought to do here. 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3731 (1985). Indeed, the statutes say as much on their face. Accordingly, the State Court Action is remanded to the Supreme Court of the State of New York, County of Rockland.

■ 2.  The jurisdictional allegations in the complaint and amended complaint in this action also are defective. Both allege that "the plaintiff" is a "resident" of New York, thus ignoring the fact that there are two plaintiffs as well as the well-established rule that diversity jurisdiction is based on citizenship, not residence. Both allege that the defendants each are domestic *and* foreign corporations. The complaint therefore does not establish the existence of complete diversity of citizenship.

■ It is the plaintiffs' burden under FED. R.CIV.P. 8(a)(1) to allege facts establishing

**132**

the existence of jurisdiction. That burden has not been sustained here.

 In other circumstances, the Court would afford plaintiffs an opportunity to cure the defective allegations by amendment. It declines to do so in these circumstances.

First, diversity jurisdiction exists to afford a federal forum to an out-of-state party in order to protect it against prejudice in favor of in-state adversaries. Here it is plaintiffs, whom I assume to be New Yorkers, who seek a federal forum in which the defendants appear to have no interest.

Second, the remand of the State Court Action, a matter as to which the Court has no discretion, means that this controversy will be litigated in the New York courts. There is no reason to exercise discretion in favor of plaintiffs where, as here, the result of doing so would be parallel and duplicative litigation in preference to plaintiffs simply adding Minstar, Inc., the only party now before this Court which is not already before the State court, to the State Court Action.

Third, plaintiffs have shown utter disregard for the most elementary rules of federal jurisdiction. They have little claim on the Court's discretion.

### Conclusion

The motion to remand the State Court Action to the Supreme Court of the State of New York, County of Rockland, is granted. This action is dismissed for lack of jurisdiction over the subject matter.

Plaintiffs' counsel is directed to show cause why sanctions should not be imposed upon him pursuant to Rule 11(b) on the ground that there was no colorable basis for the removal of the State Court Action by the plaintiffs. Any papers in opposition to the imposition of sanctions shall be filed on or before January 26, 1996.

SO ORDERED.