George **MORRISON** and Maureen Morrison, Plaintiffs,

v.

**SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO a/k/a S.I.U., Seafarers' Maritime Union a/k/a S.M.U., Seafarers' Welfare Plan, The Medical Dept. of the Seafarers' Welfare Plan, The New York Methodist Hospital, Occupational Health Services of the New Methodist Hospital, S.I.U. Medi-Cal a/k/a S.I.U. Seafarers' Clinic, Arnold Berlin, M.D., Anthony Saleh, M.D., Esther Hertz, P.A., "John Doe", M.D., a fictitious name to represent the physician's signature on the Physical Examination Report of the Seafarers' Welfare Plan, dated August 11, 1992, "Joseph Doe", M.D., a fictitious name to represent the physician designated to supervise Esther Hertz, P.A., Defendants.**

No. 95–CV–547 (JRB).

United States District Court,
E.D. New York.

Nov. 25, 1996.

Irwin F. Simon, New York City, for George Morrison, Maureen Morrison.

Deborah Rebecca Kleinberg, Camp Springs, MA, Robert H. Bogucki, Robert H. Bogucki, P.C., Garden City, NY, AFL–CIO, Seafarers Welfare Plan, Medical Dept. of the Seafarers' Welfare Plan, S.I.U. Medical, John Doe, M.D., Joseph Doe, M.D.

Deborah Rebecca Kleinberg, Camp Springs, MA, Robert H. Bogucki, Robert H. Bogucki, P.C., Garden City, NY, Carol Tocci, Schiavetti, Devito, Begos & Nicholson, Garden City, NY, for New York Methodist Hospital, Occupational Health Services of the New York Methodist Hospital, Arnold Berlin, M.D., Anthony Saleh, Esther Hertz, P.A.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Defendant Seafarers' Welfare Plan ("the Plan") moves for summary judgment pursuant to Fed.R.Civ.P. 56 on the basis of federal preemption of state law. Co–Defendants New York Methodist Hospital, Occupational Health Services of New York Methodist Hospital, Arnold Berlin, M.D., Anthony Saleh, M.D. and Esther Hertz, P.A. ("Co–Defendants") move pursuant to Fed.R.Civ.P. Rules 15(a) and 13(g) for leave to amend their pleadings to serve an answer to the Plan's cross-claim and to serve a cross-claim *nunc pro tunc* of their own. The Court does not rule on either motion. The Court remands the action *sua sponte* to state court for lack of subject matter jurisdiction.

### Background

Plaintiffs George and Maureen Morrison commenced this medical malpractice action on January 3, 1995 by filing a complaint in the Supreme Court of the State of New York, Kings County.

Plaintiffs allege the following: Plaintiff George Morrison went for a physical examination at the New York Methodist Hospital Occupational Clinic on or about August 11, 1992 as a prerequisite to his voluntary admission to an alcohol rehabilitation program. During the examination Mr. Morrison tested positive to tuberculosis and was improperly prescribed Isoniazid for the condition. He later received additional care at the Seafarers' International Union Clinic in Herndon, Virginia which failed to perform proper follow-up testing. As a result, Mr. Morrison sustained, among other injuries, a circulatory complication in his left leg ultimately requiring an above-the-knee amputation.

Plaintiffs complain of medical malpractice, negligence and failure to obtain proper informed consent. All their claims are based on New York state law.

In addition to naming the doctors and hospitals involved in Mr. Morrison's medical care as Defendants, Plaintiffs name Seafarers' Welfare Plan, Plaintiffs' health benefit plan, as a Defendant in this action.

The Plan removed this matter to this Court on February 10, 1995, asserting that the case involves a federal question because the Plan is an "employee benefit plan" and Plaintiffs are "participants" in the Plan as both terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(B)(2) and (7). None of the parties contest that the Plan is a qualified employee benefit plan under ERISA or that Plaintiffs are participants in the Plan. The Plan also asserts that ERISA completely preempts state law regarding employee benefits and on this basis moves for summary judgment on all claims against the Plan.

### Discussion

Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated, pursuant to 28 U.S.C. § 1447(c). Thus, the issue of whether a case should be remanded is properly determined before ad-

dressing a motion for summary judgment. *S & H Grossinger, Inc. v. Hotel and Restaurant Employees and Bartenders International Union AFL/CIO, Local 343,* 272 F.Supp. 25, 27 (S.D.N.Y.1967).

In this case, Plaintiffs brought all of their claims under New York state law. The action may therefore only be removed as one involving a federal question if it satisfies the "well-pleaded-complaint rule." *Lupo v. Human Affairs International, Inc.,* 28 F.3d 269, 272 (2nd Cir.1994) (citing *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)). The well-pleaded-complaint rule states that the Court must limit its search for a federal question to a plaintiff's claims as stated in his or her complaint and may not look to anticipated defenses which a defendant might impose in order to find a federal question "hook."

None of the claims in Plaintiffs' complaint is expressly federal in nature, thus it would seem the Court has no jurisdiction. Defendant's supported their notice of removal by invoking an exception to the well-pleaded complaint rule, namely that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987).

In *Metropolitan Life* the Supreme Court held that state law claims which were similar to the civil enforcement provisions of ERISA should be treated as federal claims, even if they were not expressly brought under that Act. *Id.* at 64–67, 107 S.Ct. at 1546–48. In that case the plaintiff brought suit against his employee benefit plan for reimplementation of his benefits after they were discontinued.

If the *Metropolitan Life* exception properly applied to this case, the Court would have subject matter jurisdiction. The Plan was mistaken when it relied on *Metropolitan Life,* however. The Second Circuit has interpreted the *Metropolitan Life* exception as only applying to claims which seek to recover benefits or enforce or clarify rights under the terms of an employee welfare benefit plan. *Lupo,* 28 F.3d at 272.

In arriving at this interpretation, the Second Circuit relied on 29 U.S.C. § 1132(a)(1)(B) which states in pertinent part as follows:

A civil action [under ERISA] may be brought—(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the Plan[.]

In *Lupo,* 28 F.3d at 274, the Second Circuit found that claims against an employee health benefit plan for negligent hiring and supervision, breach of fiduciary relationship and intentional infliction of emotional distress in a malpractice action against a psychologist did not "bear any significant resemblance" to the claims described in 29 U.S.C. § 1132(a)(1)(B) and remanded the case to the district court with directions to remand to the state court from which it was removed.

Other circuits have addressed, with similar results, the distinction between state law claims which directly relate to a plaintiff's benefit under an employee benefit plan and those which are merely brought against an employee benefit plan by a participant. *See, e.g., Dukes v. U.S. Healthcare,* 57 F.3d 350 (3rd Cir.1995) (Medical negligence claims remanded to state court, question of preemption left open); *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995) (Age discrimination in employment claim concerning retirement benefit remanded to state court); *Rice v. Panchal, M.D.,* 65 F.3d 637 (7th Cir.1995) (Medical malpractice claim remanded to state court).

In light of the foregoing, the Court finds that none of Plaintiffs' claims against the Plan can be characterized as seeking to recover benefits due to them under the terms of the plan, to enforce their rights under the terms of the plan, or to clarify their rights under the plan. Therefore this case presents no claims under ERISA, no federal question and no subject matter jurisdiction for this court. Removal was consequently improper and the case must be remanded pursuant to 28 U.S.C. § 1447(c) to the state court where it originated.

*Conclusion*

For the reasons stated above, this case is hereby REMANDED to the New York Supreme Court, Kings County. The Clerk is instructed to send a certified copy of this order to the clerk of the state court.