Debra J. PUCCIO, Plaintiff,

v.

**TOWN OF OYSTER BAY, Leonard Kunzig, Gary Blanchard, and Kenneth Boyce, Defendants.**

No. 01 CV 5775(ADS)(MLO).

United States District Court, E.D. New York.

Nov. 1, 2002.

Reisman, Peirez & Reisman, LLP, by E. Christopher Murray, Esq., Garden City, NY, for Plaintiff.

Carole A. Burns & Associates, by Peter F. Tamigi, Esq., Mineola, NY, for Defendant Town of Oyster Bay.

Stephan Persoff, Esq., Carle Place, NY, for Defendant Leonard Kunzig.

No Appearances, for Defendants Gary Blanchard, and Kenneth Boyce.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations by Debra Puccio ("Puccio" or the "plaintiff") that the Town of Oyster Bay (the "Town"), Leonard Kunzig ("Kunzig"), Gary Blanchard ("Blanchard"), and Kenneth Boyce ("Boyce") (collectively, the "defendants") violated her equal protection rights by issuing a certificate of occupancy without properly inspecting the house she purchased. Presently before the Court are the following motions: (1) a motion by Kunzig to dismiss the complaint for lack of personal jurisdiction; (2) a motion by the

Town to dismiss the complaint for failure to state a claim upon which relief can be granted; (3) a motion by the Town to dismiss the complaint against Kunzig, Boyce and Blanchard on the basis of qualified immunity; and (4) motions by Kunzig and the Town for Rule 11 sanctions.

## I. BACKGROUND

The following facts are taken from the complaint. In July 1998, the plaintiff's real estate agent took the plaintiff and her husband to see a recently refurbished home located at 32 Midway Drive (the "house") in Plainview, New York. At that time, the house had undergone major renovations which were nearly completed. After the plaintiff and her husband made an inspection of the house, they made a verbal bid to their real estate agent, who then relayed that bid to Kunzig, the seller's broker. The sellers of the house accepted their bid.

On the following day, the plaintiff and her husband returned to the house to sign a binder and to leave a "good faith" check. During that visit, the plaintiff alleges that for the first time, she and her husband noticed that the basement smelled damp and the floor and walls appeared wet. They told their real estate agent that they wanted the basement waterproofed prior to the sale. The agent informed the couple that the sellers had refused their request to waterproof the basement and that, consequently, the sellers had accepted a second offer on the house. The agent suggested that the plaintiff and her husband contact Kunzig directly to further convey their interest in the house.

Shortly thereafter, the plaintiff's husband telephoned Kunzig. During the conversation, Kunzig allegedly informed the plaintiff's husband that the Town's building inspector inspected the house on several occasions and assured him that the house was properly built and in conformance with building codes and regulations. At that time, neither the plaintiff nor her husband were aware that Kunzig was the Assistant Controller of the Town and that Kunzig had promised the builder of the house that he would make sure that the paperwork for the house "got pushed through" the Town's Planning and Development Department.

The plaintiff alleges that the Town's files revealed that the Town-approved blueprint for the house did not conform with the actual layout of the house. Further, the plaintiff alleges that an inspection of the house revealed that (1) support beams were not secured and improperly spaced; (2) the chimney was too short causing carbon monoxide to back into the house; and (3) a room in the basement was filled with building debris, including asbestos. The plaintiff claims that Blanchard was the Town building inspector assigned to inspect the house. Also, the plaintiff alleges that no documents were in the Town's files that demonstrated that a plumbing permit was ever issued for the house. According to the complaint, the Town employed Boyce as a plumbing inspector to inspect and perform the plumbing work on the house.

The plaintiff asserts that the individual defendants are members of the local republican party and that they are all lifelong friends. The complaint indicates that Kunzig was instrumental in helping Boyce obtain his position as a plumbing inspector for the Town and in helping him obtain the plumbing contract on the house. Further, the plaintiff claims that Kunzig used his position as a Town official and was paid a sum of $2,000 to "expedite plans and permits" for the house.

On August 26, 1998, the Town issued a certificate of occupancy based on Blanchard's inspections. The plaintiff claims that

because the certificate was issued without properly inspecting the house, she purchased the house at a much higher price than its actual value. As a result of the improperly issued certificate, the plaintiff alleges that the defendants violated her Section 1983 equal protection rights. In particular, Puccio contends that Kunzig used his position in the Town and his political connections with Boyce and Blanchard so that the certificate of occupancy would be issued regardless of whether the house conformed with certain codes and regulations, thereby violating her right to equal protection of the law.

## II. DISCUSSION

### A. Personal Jurisdiction over Kunzig

Kunzig contends that this Court never obtained jurisdiction over him because a summons was not mailed to him at his actual place of business or residence. An individual may be served pursuant to the law of the forum state. Fed.R.Civ.P. 4(e)(1). In New York, service upon a natural person is governed by Section 308 of the New York Civil Practice Law and Rules which provides, in pertinent part, that:

> Personal service upon a natural person shall be made ... by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served *and* by mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business ..., such delivery and mailing to be effected within twenty days of each other ....

N.Y.C.P.L.R. § 308(2) (McKinney 2000) (emphasis added). Both the delivery and the mailing are required. *Id.* In the present case, although a summons and com-

plaint was delivered to a person of suitable age and discretion at Kunzig's place of employment, the affidavit of service does not indicate that a subsequent mailing occurred. In addition, Puccio does not allege that the summons was mailed. Accordingly, Kunzig's motion to dismiss for lack of personal jurisdiction is granted.

### B. Equal Protection Claim

The Town argues that the plaintiff has failed to state a claim upon which relief can be granted and moves to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *See King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). Indeed, it is not the Court's function to weigh the evi-

dence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient. *See Villager Pond,* at 378.

Puccio commenced the instant action pursuant to Section 1983, claiming that the defendants violated her equal protection rights when they issued a certificate of occupancy without undertaking proper inspection. The plaintiff claims that the deviation from the customary inspections was due to the defendants' political connections and Kunzig's monetary motivation. Further, the plaintiff contends that she was treated differently from other homeowners who obtained a certificate of occupancy only after a proper inspection was made.

■ In order to bring an action under the Equal Protection Clause, the plaintiff must show that: (1) she was selectively treated compared with others similarly situated, and (2) the selective treatment was based on impermissible considerations, such as membership in a suspect class, intent to inhibit or punish the exercise of a constitutional right, or malicious or bad faith intent to injure. *Crowley v. Courville,* 76 F.3d 47, 52–53 (2d Cir.1996); *La-Trieste Restaurant & Cabaret v. Village of Port Chester,* 40 F.3d 587, 590 (2d Cir. 1994). Failure to satisfy either prong of the test requires dismissal of the plaintiff's claim. *Penlyn Development Corp. v. The Incorporated Village of Lloyd Harbor,* 51 F.Supp.2d 255, 264 (E.D.N.Y.1999).

■ Nowhere in the complaint does the plaintiff support her assertion that she was personally treated differently by the defendants. Puccio relies on *Bletter v. Incorporated Village of Westhampton Beach,* 88 F.Supp.2d 21, 25 (E.D.N.Y.2000) to support her equal protection claim. However, *Bletter* provides no such support. In *Bletter,* the plaintiff alleged an equal protection violation against the defendant village for issuing a certificate of occupancy without an adequate inspection. The plaintiff claimed that the sellers of the house were able to obtain a certificate of occupancy, despite their failure to comply with certain regulations, because their attorney was well-connected to the political party in power in the village. In granting summary judgment for the village, the court held that the plaintiff failed to prove that she personally was treated differently from other homeowners. Further, the court noted that the sellers of the house, not the plaintiff, were the ones who received preferential treatment since the sellers owned the house when the certificate was issued. The facts from *Blesser* are indistinguishable from the facts in the present case. Here, the complaint could be read to allege that the Town gave preferential treatment to the sellers, not the plaintiff, due to Kunzig's political influence.

Even if Puccio could demonstrate that she was treated differently, she fails to allege how such treatment was based on an impermissible consideration. While plaintiff claims that the defendants issued the certificate with malicious intent or bad faith to injure her, she does not include any allegations tending to support that the defendants intended to injure her. Indeed, the complaint implies that the plaintiff did not even own the house at the time the certificate was issued; therefore, it is difficult to comprehend how the Town could have had animus or malicious intent toward her. Accordingly, because the plaintiff's complaint provides no set of facts in support of an equal protection violation, the Court grants the Town's motion to dismiss.

## C. Qualified Immunity

■ The Town moves to dismiss the complaint against Kunzig, Blanchard and Boyce on the basis of qualified immunity. Because the Town has not filed an appear-

ance on behalf of the individual defendants, the Court declines to address the issue of qualified immunity. However, where it is clear that a plaintiff could not have prevailed on the facts alleged in the complaint, as in the present case, the Court has discretion to address claims *sua sponte* pursuant to Rule 12(b)(6). *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F.Supp.2d 133, 145 (S.D.N.Y.2000); *Fizgerald v. Feinberg*, 1999 WL 619584, *5, 1999 U.S. Dist. LEXIS 12584, at *16 (S.D.N.Y. Aug. 16, 1999). *Suo sponte* dismissal is appropriate for failure to state a claim where the plaintiff is given notice and opportunity to be heard. *Id.* (citing *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir.1994); *Humpherys v. Nager*, 962 F.Supp. 347, 353 (E.D.N.Y.1997)).

Here, the Town has moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6), and the plaintiff has fully responded. The plaintiff is therefore on notice, and the Rule 12(b)(6) motion may be considered with regard to Kunzig, Blanchard and Boyce. Because the Court concludes that Puccio fails to provide any allegations supporting her equal protection claim, the Court *sua sponte* dismisses her claims against Kunzig, Blanchard and Boyce.

### D. Sanctions

■ Kunzig and the Town move for sanctions against the plaintiff and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Kunzig and the Town argue that if the plaintiff's counsel had conducted a reasonable investigation of the facts and the law prior to filing the complaint, she would have realized that her client's claims were frivolous and without merit. For Rule 11 sanctions to be warranted, "it must be clear under existing precedents that there is no chance of success." *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir.1996) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). In determining whether Rule 11 sanctions are appropriate, the Court must apply the "objectively reasonable" test. *See MacDraw, Inc. v. The CIT Group Equip. Fin.*, 73 F.3d 1253, 1257 (2d Cir. 1996). The imposition of Rule 11 sanctions is within the discretion of the court and should be done with caution. *See Caisse Nationale de Credit Agricole–CNCA v. Valcorp.*, 28 F.3d 259, 264 (2d Cir.1994).

■ As an initial matter, Rule 11(c) provides a safe harbor of twenty-one days during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanctions. Fed. R.Civ.P. 11(c)(1)(A). Thus, a motion for sanctions may not be filed until twenty-one days after the motion is served upon the opposing party. The safe harbor period begins to run only upon service of the motion. *See Siegel v. Pro-Ex Securities*, 2002 WL 1203851, *3, 2002 U.S. Dist. LEXIS 9960, at *8 (S.D.N.Y.2002). In addition, parties must move for sanctions "separately from other motions or requests." Fed.R.Civ.P. 11(c)(1)(A).

In the present case, on May 14, 2002, Kunzig filed his motion to dismiss for lack of personal jurisdiction along with his motion for sanctions. Thus, he failed to move for sanctions separately from his motion to dismiss as required under Rule 11. In addition, on April 1, 2002, the Town's Rule 11 motion was served on Puccio, and on the following day, April 2, 2002, the Town filed the motion with the Court. Therefore, the Town deprived Puccio of the "safe-harbor" period that Rule 11 mandates. Although the Town asserts that it warned Puccio that it would make this motion, the Second Circuit strictly construes the safe harbor provision under Rule 11. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir.1995).

Therefore, the defendants' noncompliance with this provision requires the denial of the motion for Rule 11 sanctions. Furthermore, even if Kunzig and the Town had properly filed their motion for sanctions, the Court finds that sanctions would not be appropriate. Accordingly, the Court declines to impose sanctions on the plaintiff and her counsel.

## III. CONCLUSIONS

Based on the foregoing, it is hereby

**ORDERED**, that Kunzig's motion to dismiss the complaint for lack of personal jurisdiction is **GRANTED**; and it is further

**ORDERED**, that the Town's motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure is **GRANTED**; and it is further

**ORDERED**, that the complaint against Kunzig, Blanchard and Boyce is **DISMISSED**; and it is further

**ORDERED**, that the motions for Rule 11 sanctions by Kunzig and the Town are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**