**NEWMAN AND CAHN, LLP, Plaintiff,**

v.

**Michael SHARP, Defendant.**

**No. CV–05–4158 (ADS)(ETB).**

United States District Court,
E.D. New York.

Sept. 16, 2005.

Linda Sharp, pro se, Baldwin, NY, Petitioner in Removal.

Newman & Cahn, LLP by Neil Cahn, Carle Place, NY, pro se Plaintiff.

No appearance, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This matter comes before the Court on a Notice of Removal ("Notice") from the Supreme Court of the State of New York, County of Suffolk (Index No. 24209/2003) filed on August 31, 2005, by Linda Sharp ("petitioner"). The parties named in this case are Newman & Cahn, LLP, plaintiff, and Michael Sharp, defendant. The petitioner Linda Sharp is not a party in this case. The Petitioner asserts, among other things, due process violations. On September 9, 2005, Newman and Cahn, LLP, timely moved to remand the action back to the Supreme Court of the State of New York, County of Suffolk. For the reasons set forth below, the Court denies the Petition of Removal and remands the case to the Supreme Court of the State of New York, County of Suffolk.

It is well-settled that the Court is required to read the petitioner's *pro se* submissions liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Further, at this stage of the proceedings, the Court assumes the truth of the documents submitted by the petitioner. *See Hughes*, 449 U.S. at 10, 101 S.Ct. 173.

## I. BACKGROUND

As can best be discerned from petitioner's Petition for Removal and attached exhibits, the underlying civil action that was removed from the Supreme Court, County of Suffolk, relates to the efforts by the law firm, Newman and Cahn LLP (the "law firm"), to obtain the reasonable and fair value of their legal services performed for a former client, the defendant Michael

Sharp ("Michael"). Apparently, the law firm entered into a retainer agreement with Michael to provide legal services in a pending divorce action between Michael and the petitioner Linda Sharp. Prior to the culmination of the divorce action Michael Sharp discharged the law firm.

The Petitioner, who is a non-party to the state court action, alleges that "the state court cannot, is unwilling, or that an extrajudicial climate exists that is prejudicial to petitioner['s] civil rights and the enjoyment of her constitutional rights because racial, ethnic, or religious, or other bias." Petitioner further claims that the law firm has violated several federal statutes, including 18 U.S.C. § 1961, 28 U.S.C. § 1343, 42 U.S.C. §§ 126, 1981–85.

## II. DISCUSSION

### A. *Removal Statute*

■■■■ A non-party has no authority to seek removal under the removal statutes. *See* 28 U.S.C. § 1441, 1446(a). Similarly, an individual that claims to be a real party in interest has no authority to seek removal. The statutes that provide authority to remove actions to federal court only allow for removal "by the defendant or defendants." *Id.; see, e.g., Geiger v. Arctco Enterprises, Inc.,* 910 F.Supp. 130, 131 (S.D.N.Y.1996) ("It is clear that the right of removal is vested exclusively in defendants."); *Adams v. Adminastar Defense Services, Inc.,* 901 F.Supp. 78, 79 (D.Conn. 1995) (only a defendant, who is by implication a party in state court, has standing to remove); *Conway v. Delgado,* No. 92–0905, 1992 WL 189428, *2 (D.D.C. July 21, 1992) (only defendants have standing to remove); *Macaluso v. Mondadori Publishing Co.,* 527 F.Supp. 1017, 1018–19 (E.D.N.Y.1981) (remanding a case where neither of the named defendants joined in the petition for removal); *Kane v. Republica De Cuba,* 211 F.Supp. 855, 856–58 (D.P.R.1962) (a non-

party who has not formally intervened may not remove a case from state court); *see also Housing Auth. of Atlanta v. Millwood,* 472 F.2d 268, 272 (5th Cir.1973) (where an entity has not been properly served in state court, it is not a party and removal jurisdiction cannot be premised on its presence in the action); *In re MacNeil Bros.,* 259 F.2d 386, 387 (1st Cir.1958).

### B. *Due Process Claim*

■■■■ The burden of establishing the Court's removal jurisdiction rests squarely with the party that invokes it. *See United Food & Commerical Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994). Moreover, it is the duty of the Court to raise the question of removal jurisdiction *sua sponte,* if appropriate. *Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir.1991). As explained below, the petitioner has failed to meet the burden of proving a right to removal. Therefore, under well settled principles of limited federal jurisdiction, the Court is obligated to decline removal and remand this case:

> The first principle of Federal jurisdiction is that it is the duty of litigants to make clear to the Court the basis of its jurisdiction over the proceeding. Likewise, it is the duty of the Court to make sure that jurisdiction exists. If Federal jurisdiction is not apparent, the Court not only will, but must, refuse to proceed with the determination of the merits of the controversy.... This is true regardless of what stage the case may be in, and whether the defect is called to the Court's attention by suggestion or otherwise.

*Florida Lime & Avocado Growers, Inc. v. Jacobsen,* 169 F.Supp. 774, 775–76 (N.D.Cal.1958) (three-judge panel) (citing cases), *rev'd on other grounds on direct*

*appeal,* 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); *see* Fed.R.Civ.P. 12(h)(3); *see also United Food,* 30 F.3d at 301 ("[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, ... dismissal is mandatory." (citation and internal quotation marks omitted)).

■ Also, as explained in *Khalid v. Signature Leasing & Management, Inc.,* No. Civ. A. 3:01–CV–1020–R, 2001 WL 880685 (N.D.Tex. July 26, 2001), a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court:

> [Petitioner]'s stated basis for removal is that the state court actions involve federal questions. An analysis of the reasons for her contention demonstrates that they are fatally defective. Specifically, she claims that the state courts have ruled in a manner to deprive her of federal rights of ... due process.
>
> It is apparent that the gravamen of her federal question jurisdiction assertion is that she has been and is being treated unfairly in the Texas state court system. Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges.

*Id.* at *1 (citation omitted); *see also In re Al–Zaghari,* No. C 01–1154, 2001 WL 345508, at *1 (N.D.Cal. Mar.30, 2001) (denying petition for removal of child custody proceeding for lack of federal jurisdiction where petitioners claimed that the state court, in violation of federal due process, barred child visitation without notice or a hearing); *In re Pozsga,* 158 F.R.D. 435, 437 (D.Ariz.1994) (finding removal petition "frivolous" and fining petitioner $100 where "the premise of the [petition] was that [petitioner's] ... Fourteenth Amendment due process rights were being violated by the state court in its handling of [the underlying matter]").

In sum, it is "unmistakably clear" that the Court lacks removal jurisdiction, *Snider v. Melindez,* 199 F.3d 108, 113 (2d Cir.1999), and the Court has the authority to remand this action *sua sponte* and without further notice. *See Morrison v. Seafarers Int'l Union of N. Am., AFL–CIO,* 954 F.Supp. 55, 56 (E.D.N.Y.1996) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated...."); *Ramirez v. Smith,* No. CV 88–834, 1988 WL 36966, at *1 (E.D.N.Y. Apr.8, 1988) (remanding case *sua sponte* where it was "clear from the face of the removal petition that [the] case was removed improperly"), *aff'd mem.* 867 F.2d 1424 (2d Cir.1988); *Worthy v. Schering Corp.,* 607 F.Supp. 653, 657 (E.D.N.Y.1985) (remanding case to state court *sua sponte* for lack of removal jurisdiction); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *cf, e.g., Pozsga,* 158 F.R.D. at 437 (holding that there should be a *sua sponte* remand for want of removal jurisdiction where the premise for removal of the state court proceeding was the state court's alleged violation of Fourteenth Amendment due process rights).

Having reviewed the submission of the petitioner, the Court has discerned no other basis for the exercise of removal jurisdiction.

**B.** *As to The Plaintiff's Application for Attorney's Fees and Sanctions*

The removal statute expressly provides that the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal ..." of a case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). However, in this matter the plaintiff Law Firm appears pro se. It is well-settled that pro se litigants such at the Plaintiff in this case are not entitled to fee awards or litigation expenses authorized by fee-shifting statutes. *See Kay v. Ehrler*, 499 U.S. 432, 435, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 695 (2d Cir.1998); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 n. 1 (2d Cir.1996); *see, e.g., Clarke v. Parkinson*, 225 F.Supp.2d 345, 355 (S.D.N.Y.2002) ("Where an individual litigant elects to undertake legal research, or factual research, or other case-related tasks, even in order to save counsel fees, the litigant should not expect to have the costs of his or her efforts included in any determination of litigation expenses."). This principal applies equally to attorneys at law firms that represent themselves or the firm in a pro se capacity. *See Menton v. Experian Corp.*, No. 02–4687, 2003 WL 21692820 at 3, 2003 U.S. Dist. LEXIS 12457, at *10–11 (S.D.N.Y. July 17, 2003).

Rule 11 governs motions for frivolous filings. "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *See Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir.2002) (internal citations and quotations omitted). Courts impose Rule 11 sanctions with discretion and caution. *See Caisse Nationale de Credit Agricole–CNCA v. Valcorp.*, 28 F.3d 259, 264 (2d Cir.1994); *Puccio v. Town of Oyster Bay*, 229 F.Supp.2d 173, 178 (E.D.N.Y. 2002).

Although the Court finds that Linda Sharp's current petition is frivolous and unwarranted it declines to order sanctions because she is *pro se*. However, Linda Sharp is warned that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion to remand is GRANTED; and it is further

**ORDERED**, that this action is hereby remanded to the Supreme Court of the State of New York, County of Suffolk; and it is further

**ORDERED**, that the Plaintiff's motion for attorneys' fees and sanctions under Rule 11 is DENIED; and it is further

**ORDERED**, that the Clerk of the Court shall mark this case as closed and shall mail a certified copy of this Order of Remand to the State Court from which it was improperly removed.

**SO ORDERED.**