**CITIBANK, N.A., Plaintiffs,**

v.

**Lidia SWIATKOSKI, Michael Swiatkowski, Betina Swiatkowski, American Express Travel Related Services Co. Inc., American Express Centurion Bank, Susan Bailey, and John Doe and/or Jane Doe # 1–10 Inclusive.**

**No. 05–CV–4679(ADS)(ARL).**

United States District Court,
E.D. New York.

Oct. 29, 2005.

Manton, Sweeney, Gallo, Reich & Bolz, LLP by Rashel Mehlman, Esq., Rego Park, NY, for Plaintiffs.

Lidia Swiatkowski, Massapequa, NY, Pro Se Defendant.

Michael Swiatkowski, Massapequa, NY, Pro Se Defendant.

## ORDER

SPATT, District Judge.

Currently pending is a motion to remand an action that was removed on October 4, 2005 to this Court by Lidia Swiatkoski and Michael Swiatkowski (collectively "Swiatkowski"). The underlying New York state case is a foreclosure action, originally filed by Citibank on January 23, 2003, in Supreme Court, Nassau County, New York, (Index No. 03–1197) ("Foreclosure Action"). The instant Notice of Removal is the latest attempt by Swiatkowski to avert the state court proceedings.

Citibank instituted the Foreclosure Action on January 29, 2004, in Supreme Court, Nassau County. The state court granted a motion by Citibank for summary judgment in the Foreclosure Action. On November 10, 2004, Swiatkowski moved by order to show cause in state court to vacate the judgment of foreclosure. That motion was denied. On November 22, 2004, Swiatkowski filed a notice of appeal in the Foreclosure Action with the Supreme Court Appellate Division, Second Department. Two days later, on November 24, 2004, Swiatkowski filed a petition to remove the Foreclosure Action to this Court because "the state court cannot, is unwilling, or that an extra-judicial climate exists that is prejudicial to petitioner's civil rights and the enjoyment of her constitutional rights because racial, ethnic, or religious or other bias."

On March 18, 2005, this Court remanded the action to Supreme Court, Nassau County, for lack of subject matter jurisdiction. On July 1, 2005, the Second Circuit dismissed the appeal of that decision pursuant to 28 U.S.C. § 1447(d).

On September 15, 2005, the Nassau County Supreme Court issued an order confirming the report of the Referee Wil-

liam J. Corbett, Esq., granting the foreclosure, along with expenses, and costs.

On October 4, 2005, Swiatkowski filed another Notice of Removal of the same Foreclosure Action. In the Notice of Removal, the plaintiff again states that "the state court cannot, is unwilling, or that an extra-judicial climate exists that is prejudicial to petitioner's civil rights and the enjoyment of her constitutional rights because racial, ethnic, or religious or other bias." Petition at ¶ 4.

The federal courts are courts of limited jurisdiction. The New York State supreme courts are courts of general jurisdiction, and the presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary. On the other hand, the federal courts are only empowered to hear cases specifically authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). As such, "it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction...." 13 Fed. Prac. & Proc. Juris.2d § 3522.

Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, —— U.S. ——, ——, 125 S.Ct. 2611, 2639, 162 L.Ed.2d 502 (2005) (Ginsburg, J., dissenting) ("[T]he Supreme Court has interpreted § 1441 to prohibit removal unless the entire action, as it stands at the time of removal, could have been filed in federal court in the first instance."). The procedure for removal of state cases to federal court is prescribed by statute:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The instant action was originally commenced as a state-law foreclosure action more than a year ago on January 23, 2003, which is outside the time period permitted under the removal statute. In the Notice of Removal, Swiatkowski claims that the state court's order confirming the report of the referee dated September 9, 2005 and entered on September 15, 2005 makes the case removable. This claim is completely frivolous. The latest state court order in no way converted the original Foreclosure Action into a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

laws of the United States...." 28 U.S.C. § 1441.

Also, as explained in *Khalid v. Signature Leasing & Management, Inc.*, No. Civ. A. 3:01–CV–1020–R, 2001 WL 880685 (N.D.Tex. July 26, 2001), a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court:

> [Petitioner]'s stated basis for removal is that the state court actions involve federal questions. An analysis of the reasons for her contention demonstrates that they are fatally defective. Specifically, she claims that the state courts have ruled in a manner to deprive her of federal rights of . . . due process.
>
> It is apparent that the gravamen of her federal question jurisdiction assertion is that she has been and is being treated unfairly in the Texas state court system. Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges.

*Id.* at *1 (citation omitted); *see also In re Al–Zaghari*, No. C 01–1154, 2001 WL 345508, at *1 (N.D.Cal. Mar. 30, 2001) (denying petition for removal of child custody proceeding for lack of federal jurisdiction where petitioners claimed that the state court, in violation of federal due process, barred child visitation without notice or a hearing); *In re Pozsga*, 158 F.R.D. 435, 437 (D.Ariz.1994) (finding removal petition "frivolous" and fining petitioner $100 where "the premise of the [petition] was that [petitioner's] . . . Fourteenth Amendment due process rights were being violated by the state court in its handling of [the underlying matter]").

In addition, although it is unclear from the Notice of Removal whether Swiatkowski alleges diversity jurisdiction, under the terms of 28 U.S.C. § 1447 the time has long since elapsed for the case to be removed under a theory of diversity jurisdiction. *Id.* ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

Having reviewed the submission of Swiatkowski, the Court has discerned no other basis for the exercise of removal jurisdiction. It is well-settled that the party seeking to invoke the jurisdiction of a federal court, unlike the state court, must demonstrate that the case is within the jurisdiction of that court. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675, 128 L.Ed.2d 391 (1994). Swiatkowski has not met this burden. From the face of the petition and the procedural history of the case, it is clear that this Court lacks subject matter jurisdiction under the Rooker–Feldman abstention doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court," *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998).

A federal court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447. Here, the state court issued an order confirming the referee's report and granting a judgment of foreclosure and sale. Swiatkowski can appeal from this judgment to the Appellate Division, Second Department. This Court is not the proper court to review the decisions of the New York State Supreme Court. Immediate review of the New York State Supreme Court can only be entertained by the Appellate Division.

In sum, it is "unmistakably clear" that the Court lacks jurisdiction, *Snider v. Melindez,* 199 F.3d 108, 113 (2d Cir.1999), and the Court has the authority to remand this action *sua sponte* and without further notice. *See Morrison v. Seafarers Int'l Union of N. Am., AFL–CIO,* 954 F.Supp. 55, 56 (E.D.N.Y.1996) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated...."); *Ramirez v. Smith,* No. CV 88–834, 1988 WL 36966, at *1 (E.D.N.Y. April 8, 1988) (remanding case *sua sponte* where it was "clear from the face of the removal petition that [the] case was removed improperly"), *aff'd mem.* 867 F.2d 1424 (2d Cir.1988); *Worthy v. Schering Corp.,* 607 F.Supp. 653, 657 (E.D.N.Y.1985) (remanding case to state court *sua sponte* for lack of removal jurisdiction); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *cf., e.g., Pozsga,* 158 F.R.D. at 437 (holding that there should be a *sua sponte* remand for want of removal jurisdiction where the premise for removal of the state court proceeding was the state court's alleged violation of Fourteenth Amendment due process rights). Therefore, this case is remanded to the state court for lack of subject matter jurisdiction.

In light of the Swiatkowskis repeated filings of notices of removal in the Eastern District of New York, relating to the same case, the Swiatkowskis are advised that the Court is contemplating the issuance of an order: (1) prohibiting the Swiatkowskis from filing any future lawsuits in the Eastern District of New York without prior permission of the Court; (2) prohibiting the Swiatkowskis from filing any papers in connection with this case, unless such papers are in response to those submitted by their adversary; and (3) imposing monetary sanctions. *See In re Hartford Textile Corp.,* 613 F.2d 388, 390 (2d Cir.1979) (holding that a district court may not enjoin, *sua sponte,* further filings of frivolous or vexatious claims without providing express notice and a hearing); *see also Board of Managers of 2900 Ocean Avenue Condominium v. Bronkovic,* 83 F.3d 44, 45 (2d Cir.1996) (A district court is required to provide notice or an opportunity to be heard prior to enjoining the filing of claims.); *Safir v. United States Lines, Inc.,* 792 F.2d 19, 25 (2d Cir.1986).

For all the foregoing reasons, it is hereby

**ORDERED,** that Citibank's motion to remand is **GRANTED;** and it is further

**ORDERED,** that this action is hereby remanded to the Supreme Court of the State of New York, County of Nassau; and it is further

**ORDERED,** that the Clerk of the Court shall mark this case as closed and shall mail a certified copy of this Order of Remand to the State Court from which it was improperly removed.

**SO ORDERED.**